[No. F003441. Fifth Dist. Jan. 31, 1985.]

THE PEOPLE, Plaintiff and Respondent, v.
CLASSIFIED INSURANCE CORPORATION, Defendant and Appellant.

**COUNSEL**

E. Alan Nunez and Nicholas F. Reyes for Defendant and Appellant.

Michael D. Ott, County Counsel, and Greg Kamptner, Deputy County Counsel, for Plaintiff and Respondent.

## OPINION

**THE COURT.**\*—This is an appeal from a summary judgment entered against Classified Insurance Corporation (hereinafter appellant) on November 30, 1983. The summary judgment followed an order of forfeiture of bail pursuant to Penal Code section 1305[1] when Alberto Venegas Hernandez (hereinafter Hernandez) failed to appear in court on March 25, 1983, at a hearing on a motion filed in his behalf by his attorney to set aside the information pursuant to section 995.

The issue presented is whether Hernandez was lawfully required to be present in court on March 25, 1983, at his motion absent a court order or actual notice of the hearing date, thereby triggering the bail forfeiture provisions of section 1305. We hold that he was not and, therefore, reverse the judgment.

### STATEMENT OF THE CASE AND FACTS

On both January 11, 1983, and January 20, 1983, Hernandez appeared before the Madera County Superior Court, the Honorable Jack L. Hammerberg presiding, for arraignment for violation of section 1203.07, subdivision (a), and Health and Safety Code sections 11350, 11351, 11352 and 11359. On January 20, the court set the trial confirmation hearing for May 2, 1983, set the matter for jury trial on May 16, 1983, and fixed Hernandez' bail at $5,000. On January 22, 1983, appellant posted bail bond No. A26313 in the amount of $5,000 for the custodial release of Hernandez.

On March 25, 1983, counsel for Hernandez moved to set aside the information against Hernandez pursuant to section 995. Hernandez was not present, and the minute order of the court on that date reflects that counsel for Hernandez had lost contact with him. The court thereupon issued a bench warrant and ordered the bail forfeited. Notice of such forfeiture was duly mailed to appellant.

Hernandez also failed to appear at the May 2, 1983, trial confirmation hearing, and on that date his May 16, 1983, trial date was vacated.

A second notice, which notified appellant that the 180-day statutory period had expired, was mailed on or about September 21, 1983.

Appellant, on October 5, 1983, filed a motion to vacate forfeiture and exonerate bond supported by a declaration of noncollusion and a declaration

---

\*Before Franson, Acting P. J., Woolpert, J., and Best, J.

[1]All statutory references are to the Penal Code unless otherwise indicated.

of bondsman. Subsequently, points and authorities were filed by county counsel and appellant.

On November 21, 1983, appellant's motion was denied and summary judgment was rendered against appellant on November 30, 1983.

DISCUSSION

 Section 1305[2] provides the jurisdictional prerequisites before a court can order forfeiture of bail. These requirements are (1) the defendant must fail to appear for arraignment, trial, judgment, execution of judgment, or when his presence is otherwise lawfully required; and (2) the failure to appear must be without sufficient excuse. (*People* v. *United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 905 [98 Cal.Rptr. 57, 489 P.2d 1385].) Here, the court ordered forfeiture of bail on March 25, 1983, the date scheduled for the hearing on appellant's section 995 motion. The March 25 date was not a date scheduled for arraignment, trial, judgment, or execution of judgment. Thus, the court's order forfeiting bail is valid only if Hernandez' presence was otherwise "lawfully required."

Appellant contends that before a court can forfeit bail a defendant's appearance must be required by a specific court order commanding his appearance at a date and time certain. We agree.

In *People* v. *National Auto. & Cas. Ins. Co.* (1977) 77 Cal.App.3d Supp. 7, 9 [143 Cal.Rptr. 540], the court discussed when a defendant's appearance is required under section 1305 as follows: "The section applies 'If, without sufficient excuse, the defendant neglects to appear for arraignment or for trial or judgment, or upon any other occasion when his presence in court is lawfully required, or to surrender himself in execution of the judgment . . . .'

"It is manifest that a court order establishes the date upon which a defendant is to be arraigned, tried or adjudged. Under the rule of *ejusdem generis,* general words following specific terms are limited in meaning to things analogous to the specific terms. [Citation.] We hold, accordingly, there being no other authority on the subject of which we are aware, that the court did not lose jurisdiction by failing to declare a forfeiture of the

---

[2]Section 1305, subdivision (a), provides in pertinent part: "If, without sufficient excuse, the defendant neglects to appear for arraignment or for trial or judgment, or upon any other occasion when his presence in court is lawfully required, . . . the court must direct the fact to be entered upon its minutes and the undertaking of bail . . . must thereupon be declared forfeited . . . ."

bail bond when defendant failed to appear in court on the date agreed upon by defendant and the bonding company.

"Only when a defendant fails to appear on a date *ordered* by the court (or otherwise required by law, such as to surrender for judgment (see §§ 1194-1199)) do the provisions of section 1305 require that a forfeiture be declared in the absence of an excuse or a reasonable belief that an excuse may exist. Thus, the court did have jurisdiction to declare a forfeiture in the present case since, on December 3, 1975, the first date upon which defendant had been ordered by the court to appear, he was not present and no one appeared on his behalf." (Second italics added.)

Respondent attempts to distinguish the *National Auto.* case on the basis that it involved a misdemeanor and the instant case involves a felony. Section 1305, however, provides no distinction between misdemeanors and felonies, but applies equally to both.

Since Hernandez was charged with a felony, respondent urges this court to refer to section 977 in construing the phrase "other occasion when his presence in court is lawfully required" in section 1305. Section 977 provides in pertinent part: "(b) In all cases in which a felony is charged, the accused must be present at the arraignment, at the time of plea, during the preliminary hearing, during those portions of the trial when evidence is taken before the trier of fact, and at the time of the imposition of sentence. The accused shall be personally present at all other proceedings unless he shall, with leave of court, execute in open court, a written waiver of his right to be personally present, approved by his counsel, which waiver must then be filed with the court; . . ." Respondent's contention is that an accused's presence is lawfully required at all proceedings, unless a written waiver is executed by the accused and filed with the court. Respondent then reasons that since Hernandez did not execute such a waiver in this matter his presence was lawfully required at his section 995 motion. Finally, respondent concludes that since Hernandez was lawfully required to appear for his section 995 motion, his failure to do so triggered the application of section 1305 requiring forfeiture of bail.

Respondent's construction of section 1305 by reference to section 977 is untenable. Respondent acknowledges that section 977 is designed to implement a defendant's due process rights. (*People* v. *North Beach Bonding Co.* (1974) 36 Cal.App.3d 663 [111 Cal.Rptr. 757].) The court in *North Beach Bonding Co.* stated as follows: "The provisions in section 997 [*sic*] are designed to implement the defendant's due process right to be present at his trial and other proceedings. [Citation.] It is absurd to contend that an attorney by appearing without his client . . . *before the latter was directed to*

*appear* could place his client in default. The remedy, if the appearance of the defendant was necessary, was to refuse to entertain the motions without the presence of the defendant. . . . No order of forfeiture could have been entered at those proceedings . . . ." (*Id.*, at p. 669, italics added.)

As in the *North Beach* case, respondent's construction of section 1305, by reference to section 977, would lead to an absurd result here. The construction urged by respondent would permit Hernandez' trial counsel to place Hernandez in default without notice of the motion or date of appearance.[3] Such a construction would clearly be inconsistent with the purpose of section 977 as above stated. Such a construction would also be inconsistent with the well-settled principle that the law traditionally disfavors forfeitures and statutes imposing them are to be strictly construed in favor of the surety. (*People* v. *Surety Ins. Co.* (1982) 136 Cal.App.3d 556, 561 [186 Cal.Rptr. 385].) Finally, inasmuch as respondent's construction of section 1305 would permit the forfeiture of bail in a situation where the defendant does not even have notice of the court date requiring his appearance, such a construction may well render section 1305 unconstitutional as violative of the due process right of notice.

■ "The object of bail and its forfeiture is to insure the attendance of the accused and his obedience to the orders and judgment of the court." (*People* v. *Wilcox* (1960) 53 Cal.2d 651, 656-657 [349 P.2d 522, 78 A.L.R.2d 1174].) Hernandez was arraigned on January 20, 1983, and ordered at that time to appear on May 2, 1983, and May 16, 1983. At no time prior to March 25, 1983, was he notified, ordered or directed to appear on March 25, 1983. ■ Absent an order or other actual notification from the court that Hernandez' appearance was required at a given date and time, the failure of Hernandez to appear cannot be grounds for forfeiture of bail under section 1305.

■ Respondent's contention that the language of the undertaking agreement required Hernandez to appear at his section 995 motion, thereby triggering the application of section 1305, is without merit. Even assuming, arguendo, that the undertaking required Hernandez to appear at all proceedings, as contended by respondent, such an obligation was the result of a contractual agreement between Hernandez and appellant. "The obligation created by *that* agreement is not within the ambit of section 1305." (*People* v. *National Auto. & Cas. Ins. Co., supra,* 77 Cal.App.3d Supp. 7, 9, original italics.)

Since Hernandez was not required under section 1305 to appear on March 25, 1983, the court's order forfeiting bail on that date is void. (*People* v.

---

[3]The record does not reflect that Hernandez had been notified or ordered to appear on March 25, 1983. To the contrary, the record indicates that Hernandez' counsel had lost contact with Hernandez.

*United Bonding Ins. Co., supra,* 5 Cal.3d at p. 904.) ■ "[W]here a statute requires a court to exercise its jurisdiction in a particular manner, follow a particular procedure, or subject to certain limitations, an act beyond those limits is in excess of its jurisdiction." (*Burtnett* v. *King* (1949) 33 Cal.2d 805, 807 [205 P.2d 657, 12 A.L.R.2d 333].)

The trial court's order of forfeiture being a nullity, the court improperly denied on November 21, 1983, appellant's motion to set aside and vacate the forfeiture. Similarly, the entry of summary judgment against appellant on November 30, 1983, was erroneous.

The summary judgment and the order of November 21, 1983, are reversed, and the trial court is directed to vacate the forfeiture and exonerate the undertaking.