[No. F012720. Fifth Dist. Dec. 3, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
AMERICAN BANKERS INSURANCE COMPANY, Defendant and
Appellant.

**COUNSEL**

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

Max E. Robinson, County Counsel, and Kevin B. Briggs, Deputy County Counsel, for Plaintiff and Respondent.

## OPINION

ARDAIZ, J.—American Bankers Insurance Company (appellant) appeals from the trial court's order denying its motion to vacate a bail forfeiture. In March 1988 American Bankers posted a bail bond for the release of Maria Rivas. On April 22, 1988, Ms. Rivas was arraigned. Ms. Rivas and her attorney were present when the court set the following dates: August 12, 1988, for a hearing on the Penal Code section 995[1] motion; August 18, 1988, for trial confirmation; and August 29, 1988, for trial. The court did not expressly order Ms. Rivas to be present on any of the above mentioned dates.

Ms. Rivas did not appear on August 12, 1988, the date set for hearing on the section 995 motion. Ms. Rivas failed to appear on August 18, 1988, the date set for trial confirmation. The trial court ordered bail forfeited and notice of the forfeiture was mailed on August 19, 1988. On February 22, 1989, summary judgment on the forfeiture was entered. On August 9, 1989, the superior court denied appellant's motion to set aside summary judgment and exonerate the bond. American Bankers appeals from the order denying the motion.

### DISCUSSION

■ Appellant asserts the trial court erred in ordering the bond forfeited because the defendant's presence in court was not "lawfully required" within the meaning of section 1305. Section 1305 provides in relevant part:

"(a) If, without sufficient excuse, the defendant neglects to appear for arraignment or for trial or judgment, or upon any other occasion when his or her presence in court is lawfully required, or to surrender himself or herself in execution of the judgment, the court must direct the fact to be entered upon its minutes, and, unless within 15 court days from arraignment no complaint has been filed or the charges have been dismissed, the undertaking of bail, or the money deposited instead of bail, as the case may be, must thereupon be declared forfeited, . . ."

Appellant asserts the defendant's presence would be "lawfully required" only if the court expressly ordered her to be present. Conversely, respondent argues bail properly was forfeited as the defendant's presence was "lawfully required" by rule 227.6 of the California Rules of Court. Rule 227.6 provides:

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

"A readiness conference shall be held within one to fourteen days before the date set for trial. Trial counsel shall appear and be prepared to discuss the case and determine whether the case can be disposed of without trial. The prosecuting attorney shall have authority to dispose of the case, *and the defendant shall be present in court.*" (Italics added.)

In *People* v. *Classified Ins. Corp.* (1985) 164 Cal.App.3d 341 [210 Cal.Rptr. 162], bail was forfeited when the defendant failed to appear at the hearing on a section 995 motion. The record did not reflect that the defendant had notice of this hearing. This court held: "Absent an order or other actual notification from the court that [the defendant's] appearance was required at a given date and time, the failure of [the defendant] to appear cannot be grounds for forfeiture of bail under section 1305." (*Id.* at p. 346.)

In *People* v. *Sacramento Bail Bonds* (1989) 210 Cal.App.3d 118 [258 Cal.Rptr. 130], bail was ordered forfeited after the defendant failed to appear at the trial status conference. As in the present case, although the defendant was present when the date for the status conference was set, he was not ordered to be present. The Third District distinguished *Classified*, first, on the grounds that in *Classified* "no rule of law required the defendant's presence at the hearing at which he was absent—a hearing on a motion pursuant to section 995 . . . . [¶] In the instant case, a rule of court [rule 227.6] required defendant's presence at the trial status conference."[2] (*Id.* at p. 121.) Second, *Classified* was distinguished on the grounds that in *Classified*, "the defendant in fact had no notice of the hearing from which he was absent." (*Sacramento Bail Bonds, supra*, 210 Cal.App.3d at p. 121.) The *Sacramento* court stated:

"This case is further distinguished from *Classified Ins.* because in that case the defendant in fact had no notice of the hearing from which he was absent. There, defendant was not present when his attorney made his section 995 motion; indeed, counsel had apparently lost contact with him. [Citation.] Here, defendant and his attorney were told in open court of the date and time of the hearing. We think that this advice, together with the operation of rule 227.6, clearly made defendant's presence at the trial status conference 'lawfully required' within the meaning of subdivision (a) of section 1305, since the trial court could rely upon 'the good faith and good judgment of defense counsel' [citation] to inform defendant that his presence was required." (*Sacramento Bail Bonds, supra*, 210 Cal.App.3d at p. 121.)

Appellant asserts that under *Classified* a specific court order is required in order to forfeit bail for failure to appear even where appearance is

---

[2] Rules of Court have the force of law and are "as binding on this court as procedural statutes unless they transcend legislative enactments or constitutional guarantees." (*Oats* v. *Oats* (1983) 148 Cal.App.3d 416, 420 [196 Cal.Rptr. 20].)

statutorily mandated. Appellant relies on a specific statement excerpted from our opinion in *Classified*:

"Appellant contends that before a court can forfeit bail a defendant's appearance must be required by a specific court order commanding his appearance at a date and time certain. We agree." (*People* v. *Classified Ins. Corp.*, *supra*, 164 Cal.App.3d at p. 344.)

In addressing a similar contention based on that same passage, the *Sacramento* court stated:

"To the extent *Classified Ins.* suggests in dictum that 'before a court can forfeit bail a defendant's appearance must [always] be required by a specific court order commanding his appearance at a date and time certain' [citation], we respectfully decline to follow it. To our knowledge no other case has construed section 1305 to require categorically such an order of court. Although *Classified Ins.* relied on *People* v. *National Auto. & Cas. Ins. Co.* (1977) 77 Cal.App.3d Supp. 7 . . . , the latter case expressly recognized section 1305 was satisfied '. . . when a defendant fails to appear on a date ordered by the court (*or otherwise required by* law, such as to surrender for judgment . . . .)' (*National Auto.*, *supra*, 77 Cal.App.3d at Supp. 9, italics added.) Moreover, *Classified Ins.'s* dictum is at odds with the established rule permitting forfeiture of an appeal bond. Although section 1305 governs such a forfeiture, it is well recognized a forfeiture is appropriate where a defendant fails to surrender himself following an appeal even though the defendant has received no court order stating the time or place of his surrender. [Citations.]" (*People* v. *Sacramento Bail Bonds*, *supra*, 210 Cal.App.3d at p. 122.)

Unfortunately, the excerpted portion from *Classified* has become the battleground for this appeal. Appellant cries precedent and respondent cries dictum. We shall resolve this dispute by the simple observation that the context of the statement must be considered. We agree with the *Sacramento* court that *Classified* is distinguishable based on the grounds they have set forth. First, *Classified* did not involve an appearance date mandated by a rule of court. Second, *Classified* primarily was concerned with the unfairness of allowing bail to be forfeited when the defendant had no notice of the date on which the hearing was to be held. As we stated in *Classified*:

"The construction urged by respondent would permit [the defendant's] trial counsel to place [the defendant] in default without notice of the motion or date of appearance . . . . Finally, inasmuch as respondent's construction of section 1305 would permit the forfeiture of bail in a situation where the defendant does not even have notice of the court date requiring his

appearance, such a construction may well render section 1305 unconstitutional as violative of the due process right of notice." (*People* v. *Classified Ins. Corp.*, *supra*, 164 Cal.App.3d at p. 346, fn. omitted.)

The concerns addressed in *Classified* simply are not present in the instant case. The defendant and her attorney were present in court when the date was set for trial confirmation. As in *Sacramento*, the notification of the date combined with the operation of rule 227.6, rendered the defendant's presence at the trial confirmation "lawfully required" within the meaning of section 1305, subdivision (a).

Appellant asserts the result reached in *Sacramento* violates the surety's contracts and due process rights. Appellant contends "[t]he surety undertakes to secure a defendant's presence, but the reciprocal condition is that the court must expressly make his presence 'lawfully required' by making a specific order commanding appearance." Having concluded that the court's designation of a trial confirmation date pursuant to rule 227.6 mandates defendant's appearance by its terms, we conclude, as did the court in *Sacramento*, that the defendant's presence was "lawfully required." The defendant here was lawfully required to appear on the trial confirmation date set by the trial court and of which the defendant had notice. Thus, appellant's assertions that the surety's contractual and due process rights mandate that the appearance be lawfully required are satisfied.

■ Alternatively, appellant contends the court lost jurisdiction to forfeit bail because it did not order bail forfeited when the defendant failed to appear for the hearing on the section 995 motion. Appellant asserts that if the defendant's presence was required at the pretrial conference despite the absence of a specific court order to attend, her presence also was required at the hearing on the section 995 motion that was set for August 12, 1988. By not ordering the bail forfeited when the defendant failed to appear on this date, appellant argues the trial court lost jurisdiction to forfeit the bail.

Appellant's contention the court lost jurisdiction when it failed to forfeit bail on that date is rejected as unreasonable. Appellant concedes no hearing was held on the date set for the section 995 motion, apparently because no motions were filed. Section 1305, subdivision (a) authorizes forfeiture of a bond if, without sufficient excuse, a criminal defendant neglects to appear when his presence in court is lawfully required. It is simply untenable to construe section 1305 as requiring a defendant's presence at a nonexistent hearing. Such an argument exalts form over substance. Accordingly, the court did not lose jurisdiction to forfeit bail merely because of its failure to act when the defendant did not appear on the date set for the section 995 motion.

The judgment is affirmed. Respondent shall have its costs on appeal.

Martin, Acting P. J., and Thaxter, J., concurred.