[No. A103727. First Dist., Div. Three. Aug. 31, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
NATIONAL AUTOMOBILE AND CASUALTY INSURANCE COMPANY,
Defendant and Appellant.

**COUNSEL**

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

Thomas F. Casey III, County Counsel, and Paul A. Okada, Deputy County Counsel, for Plaintiff and Respondent.

**OPINION**

**McGUINESS, P. J.**—National Automobile and Casualty Insurance Company appeals from an order denying its motion to vacate forfeiture and exonerate a bail bond. Appellant contends that the trial court lost its jurisdiction over the subject bail bond by: (a) failing to give notice of forfeiture on October 19, 2001, a date on which the defendant for whom the bail bond was posted had been ordered to appear; and (b) improperly reinstating the bail bond on its

own motion and without prior notice, when the defendant subsequently appeared at a continued hearing on October 26, 2001. Because the record shows there was no actual forfeiture of the defendant's bail on October 19 or subsequent reinstatement thereof on October 26, 2001, the trial court did not err in failing to give notice with respect to either date. We therefore affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On August 29, 2000, appellant posted bail bond No. MT 72193 for the release from custody of defendant Hetzel Carrera.[1] On September 13, 2001, the trial court took up the defendant's demurrer and motion to set aside the information under Penal Code section 995.[2] The trial court continued the hearing to October 19, 2001, specified that the defendant "remains on bail," and ordered him to return to court on the date of the scheduled hearing.

On October 16, 2001—three days before the scheduled hearing date—the parties appeared before the court in connection with a request by the district attorney for a continuance. Not having been ordered to be in court until October 19, the defendant himself was not present. On the record, counsel for defendant and the deputy district attorney agreed to continue the hearing to October 26, 2001. In response to the trial court's expressed concern with "the preservation of jurisdiction" over the defendant and the "inconvenience" to counsel and the defendant of having to return on October 19, defense counsel asked that the defendant's appearance be "waived" for that date.[3] The trial court responded: "Right. To insure preservation of the jurisdiction I will leave the matter on the 19th, that is, with the understanding that counsel and [defendant] will not be appearing here. What I will do at that point is order the forfeiture of the bond, taking a bench warrant under submission. It shall not issue until [October] the 26th at 10:00 to preserve jurisdiction." Defense counsel agreed, and thanked the court.

---

[1] The defendant is identified on the subject bail bond as "Hetzbel Augusto Dominic Carrera." On the cover page of the clerk's transcript, the defendant's first name is spelled "Hatzel." In other references to the defendant in the record, he is identified as having a first name spelled "Hetzel." For purposes of this opinion, we assume the correct spelling of the defendant's name is "Hetzel," and refer to him as the defendant.

[2] Unless otherwise indicated, all further statutory references are to the Penal Code.

[3] "THE COURT: All right. Obviously in this matter your client has been ordered to appear here on the 19th, and I am only concerned as it relates to the preservation of jurisdiction. I don't want to inconvenience you by having you come back on the 19th. [¶] If you are not going to be prepared for [sic] on that date, what is your request in that regard since I don't have an executed 997 [sic] waiver on file.

"MR. TAYAC [Defense Counsel]: I ask that his appearance be waived for the 19th. I will notify him and have notified him of the continuance for the hearing of these motions."

The trial court's minute order of October 16, 2001, states that on the basis of a finding of "good cause," the trial court vacated the hearing on defendant's demurrer, previously set for October 19, 2001, and "reset" it to October 26, 2001. Somewhat ambiguously, the minute order goes on to state the "matter [was] continued to" October 19, 2001, "for dispo/confirm," with a "motion for issuance of bench warrant" and bail forfeiture also "under submission" to that date, and "defendant ordered to return."[4]

Consistent with the trial court's statements on the record on October 16, 2001, neither defendant nor defense counsel appeared on October 19, 2001. During the brief proceeding, at which only a deputy district attorney made an appearance, the trial court recounted what had happened at the earlier hearing on October 16; reiterated that the matter had been "reset" or "continued" to October 26, 2001; ordered the defendant's posted bond of $40,000 "forfeited"; stayed "any further action to that forfeiture until" the next hearing on October 26, 2001; took "under submission" a bench warrant; and continued the matter to October 26 "for the appearance of all parties on the demurrer."[5] The minute order for October 19 simply states that the "defendant [was] not present," the matter was "continued" to October 26 for a hearing on the defendant's demurrer, and that *both* bail forfeiture and issuance of a bench warrant were "under submission."

The defendant appeared at the continued hearing on October 26, 2001. On the record, the trial court "[r]ecall[ed] the bench warrant that was taken under submission," and "set[] aside the forfeiture of the bond" that had been "stayed," so that the defendant "remain[ed] on his posted $40,000.00 bond."[6] Because of the district attorney's filing of an amended information, the matter

---

[4] In view of its agreement to continue the hearing to October 26, it is not clear from the record why the trial court did not simply vacate the hearing set for October 19.

[5] "THE COURT: Line 18. This is the matter of Hetzel Augusto Carrera. This matter was previously before the Court on October the 16th. There is a motion that had been set, that being a demurrer and a 995 set for today's date at 10:00 o'clock. Counsel appeared on October the 16th requesting to have this matter reset to October 26th at the hour of 10:00 a.m. [Defense] Counsel of record Mr. Tayac showed up at that time. That was on the 16th. However, his client was not here. The Court advised counsel that it would do the following: At this time, the bond in this case having been posted in the amount of $40,000.00 is ordered forfeited. However, the Court is staying any further action to that forfeiture until the 26th at 10:00 a.m. A bench warrant is taken under submission to that date and time. So, the matter is then continued to October 26th at 10:00 a.m. for the appearance of all parties on the demurrer.

"MS. TORRES [deputy district attorney]: Now, counsel [for the defense] is not here but the 26th is almost a week short of our 15 day notice. We may be filing a continuance. I am not sure.

"THE COURT: Okay. Thank you."

[6] "At this point, [defendant] being personally present, the Court is going to do the following: Recall the bench warrant that was taken under submission. The Court further sets aside the forfeiture of the bond posted in this matter which I have stayed, so he remains on his posted $40,000.00 bond."

of defendant's demurrer and section 995 motion was continued to November 16, 2001, with the defendant again ordered to return.

After further continuances and subsequent proceedings, the defendant entered a plea of no contest on July 8, 2002, and the matter was set for sentencing on October 1, 2002. On September 27, 2002, the defendant appeared in court in custody, and sentencing was continued to November 1, 2002, on defendant's motion. At the sentencing hearing on November 1, 2002, appellant failed to appear. At that point, the trial court ordered defendant's bail forfeited and the issuance of a bench warrant with no bail allowed. A notice of forfeiture of bail was sent to appellant surety on November 5, 2002.

On April 29, 2003, James Rankin Bail Bond Company (Rankin) moved to vacate the forfeiture and exonerate the bond in accordance with section 1305, arguing that the statutes governing bail were jurisdictional, and the trial court's failure to declare a forfeiture of the bond on October 16, 2001, upon the defendant's nonappearance on that date, had deprived it of jurisdiction to do so at a later time. On June 30, 2003, appellant filed a supplemental motion to vacate the forfeiture and exonerate the bond, on the grounds the trial court lacked jurisdiction to order the defendant's bail bond forfeited on November 1, 2002, because it had previously failed to comply with the applicable statutory provisions by providing the defendant's surety either with notice of the purported "forfeiture" of bail on October 19, 2001, or with prior notice of the "reinstatement" of bail on October 26, 2001.

On July 11, 2003, the trial court denied the motion to vacate forfeiture and exonerate the bond. This appeal timely followed.

## DISCUSSION

On appeal, appellant reiterates the same contention it made in its supplemental motion to vacate forfeiture and exonerate the bond: namely, that because the trial court failed to provide appellant with notice of its declaration of forfeiture on October 19, 2001, and its subsequent reinstatement of the defendant's bond on October 26, 2001, it was without jurisdiction to declare the bond forfeited when the defendant failed to appear on November 1, 2002. In response, the People argue that because the trial court had previously waived the defendant's appearance on October 19, 2001, he was not required to attend the hearing on that date; and consequently, there could have been no actual forfeiture of his bail on October 19 or subsequent reinstatement thereof on October 26, 2001. Thus, the trial court did not err in failing to give notice

with respect to the defendant's bail on either date, and its subsequent declaration of forfeiture on November 1, 2002, was valid. In our opinion, the People have the better of the argument.

■ The statute applicable to this case is section 1305. "Section 1305[, subdivision (a)] provides the jurisdictional prerequisites before a court can order forfeiture of bail. These requirements are (1) the defendant must fail to appear for arraignment, trial, judgment, execution of judgment, or when his presence is otherwise lawfully required; and (2) the failure to appear must be without sufficient excuse. [Citation.]" (*People v. Classified Ins. Corp.* (1985) 164 Cal.App.3d 341, 344 [210 Cal.Rptr. 162], fn. omitted.)[7] Section 1305, subdivision (b) in turn provides. that the clerk of the court "shall, within 30 days of the forfeiture, mail notice of the forfeiture to the surety"; and if it fails to do so, that the surety or depositor of money posted in lieu of bail "shall be released of all obligations under the bond."[8] Finally, subdivision (c) of section 1305 states that if the defendant reappears in court, rather than exonerating the bail bond, the trial court *may* order it reinstated, *if* the surety is given "prior notice of the reinstatement." (§ 1305, subd. (c)(1), (4)(A).)[9]

---

[7] "(a) A court *shall* in open court declare forfeited the undertaking of bail or the money or property deposited as bail if, *without sufficient excuse*, a defendant fails to appear for any of the following: [¶] (1) Arraignment. [¶] (2) Trial. [¶] (3) Judgment. [¶] (4) Any other occasion prior to the pronouncement of judgment *if the defendant's presence in court is lawfully required.* [¶] (5) To surrender himself or herself in execution of the judgment after appeal." (§ 1305, subd. (a), italics added.)

[8] Section 1305, subdivision (b) provides in pertinent part as follows: "If the amount of the bond or money or property deposited exceeds four hundred dollars ($400), the clerk of the court *shall*, within 30 days of the forfeiture, mail notice of the forfeiture to the surety or the depositor of money posted instead of bail. At the same time, the court *shall* mail a copy of the forfeiture notice to the bail agent whose name appears on the bond. The clerk *shall* also execute a certificate of mailing of the forfeiture notice and shall place the certificate in the court's file. . . . [¶] . . . [¶]

"The surety or depositor *shall be released* of all obligations under the bond if any of the following conditions apply: [¶] (1) The clerk fails to mail the notice of forfeiture in accordance with this section within 30 days after the entry of the forfeiture. [¶] (2) The clerk fails to mail the notice of forfeiture to the surety at the address printed on the bond. [¶] (3) The clerk fails to mail a copy of the notice of forfeiture to the bail agent at the address shown on the bond." (Italics added.)

[9] Section 1305, subdivision (c) provides in pertinent part: "(1) If the defendant appears either voluntarily or in custody after surrender or arrest in court within 180 days of the date of forfeiture or within 180 days of the date of mailing of the notice if the notice is required under subdivision (b), the court *shall*, on its own motion at the time the defendant first appears in court on the case in which the forfeiture was entered, direct the order of forfeiture to be vacated and the bond exonerated. If the court fails to so act on its own motion, then the surety's or depositor's obligations under the bond shall be immediately vacated and the bond exonerated. . . . [¶] . . . [¶]

"(4) In lieu of exonerating the bond, the court *may* order the bail reinstated and the defendant released on the same bond if both of the following conditions are met: [¶] (A) The

■ The courts have held that because the law disfavors forfeitures, these provisions regarding forfeiture of bail establish jurisdictional requirements that must be strictly construed in favor of the surety and the individual citizens who pledge their property to the surety on behalf of persons seeking release from custody. " 'The law traditionally disfavors forfeitures and this disfavor extends to forfeiture of bail. [Citations.] Thus, Penal Code sections 1305 and 1306 dealing with forfeiture of bail bonds must be strictly construed in favor of the surety to avoid the harsh results of a forfeiture.' [¶] The standard of review, therefore, compels us to protect the surety, and more importantly the individual citizens who pledge to the surety their property on behalf of persons seeking release from custody, in order to obtain the corporate bond. . . . [¶] It is well established in the case law that Penal Code sections 1305 and 1306 are subject to precise and strict construction. . . . ' "[W]here a statute requires a court to exercise its jurisdiction in a particular manner, follow a particular procedure, or subject to certain limitations, an act beyond those limitations is in excess of its jurisdiction." [Citations.]' " (*County of Los Angeles v. Surety Ins. Co.* (1984) 162 Cal.App.3d 58, 62 [208 Cal.Rptr. 263]; see also *People v. United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 904–907 [98 Cal.Rptr. 57, 489 P.2d 1385] ["because the provisions of section 1305 are jurisdictional, a failure on the part of the court to comply therewith in ordering a forfeiture in reliance on that section renders the order null and void"]; *County of Los Angeles v. Granite State Insurance Company* (2004) 121 Cal.App.4th 1, 4 [held, surety entitled to exoneration of bond where trial court failed to give adequate or timely notice of declaration of forfeiture]; *People v. Topa Ins. Co.* (1995) 32 Cal.App.4th 296, 300–303 [38 Cal.Rptr.2d 167] [provisions of sections 1305 and 1306 are jurisdictional and must be strictly followed, or else court loses jurisdiction and its actions are void; held, order denying motion for discharge of forfeiture of bail bond reversed and bond exonerated where trial court failed to enter summary judgment on forfeiture within statutory time limits]; *People v. Wilshire Ins. Co.* (1975) 46 Cal.App.3d 216, 221, 222 [119 Cal.Rptr. 917] [trial court's failure to give notice of forfeiture to surety invalidated bail bond and released surety from obligation thereunder; held, judgment against surety reversed].)

Citing these statutory provisions and the case law interpreting them, appellant contends that in this case, bail was exonerated as a matter of law both by the trial court's failure to give appellant notice of its order declaring the bond forfeited on the record of the October 19, 2001, proceedings and by its subsequent failure to give notice prior to reinstating the bail bond on October 26, 2001. Appellant's contentions are undermined by the record. The

---

bail is given prior notice of the reinstatement. [¶] (B) The bail has not surrendered the defendant." (§ 1305, subd. (c)(4), italics added.)

bond issued by appellant in this case could not have been forfeited on October 19, 2001, for the simple reason the defendant's appearance on that date was not "lawfully required" under section 1305.

At the hearing on October 16, 2001, the trial court agreed to the parties' request for a continuance of the hearing on the defendant's demurrer and section 995 motion from October 19 to October 26, 2001. At the same time, the trial court expressed concern about the fact appellant had previously been ordered to appear on October 19. In response, defense counsel asked that the defendant's "appearance be waived for the 19th." In the apparent belief the absence of an executed section 977 waiver meant the defendant was lawfully required to appear on October 19, the trial court left that date's hearing on calendar "with the understanding" neither the defendant nor his attorney would appear on that date, but that—in order "to preserve jurisdiction"—forfeiture of the bond *would* be ordered and a bench warrant taken "under submission." The trial court expressly reiterated its reasoning at the brief hearing on October 19, when it recounted what had happened on October 16, ordered the bond "forfeited," and stayed further action regarding the "forfeiture" until the continued hearing set for October 26. At the latter hearing, the court again referred to the forfeiture of the bond and issuance of a bench warrant as having been simply "stayed" and taken "under submission," respectively.

■ The trial court was in error in its apparent belief that the defendant's presence was required at the October 19 hearing. Under section 1305, only certain proceedings in a criminal matter require a defendant's attendance. The absence of a section 977 waiver does not convert all proceedings—specifically including a hearing on a section 995 motion to strike—into occasions at which a "defendant's presence in court is lawfully required" for purposes of section 1305, subdivision (a)(4). (See *People v. Classified Ins. Corp., supra,* 164 Cal.App.3d at pp. 344–347.) It is undisputed that the sole original purpose of the hearing scheduled for October 19 was to hear the defendant's demurrer and section 995 motion; it was not for arraignment, trial, judgment, or execution of judgment, the occasions enumerated in section 1305, subdivision (a) when a defendant's appearance is always required. The only other basis for requiring the defendant's appearance on October 19 was the trial court's previous order of September 13, 2001, directing him to "return." Because the trial court *continued* to October 26 the actual hearing on the defendant's motions, and specifically acknowledged its understanding and expectation that the defendant *would not appear* at the October 19 hearing, it is indisputable that the defendant's appearance on that date was not "lawfully required" under section 1305, and the trial court's

purported order on October 19 declaring the bond "forfeited" was void.[10] (*Id.* at pp. 344, 346–347.)

Even if the defendant's appearance was required on October 19, 2001—which, we repeat, the record clearly shows it was not—the trial court expressly stayed and continued the matter, taking any action on the forfeiture "under submission" until the next scheduled hearing on October 26, in order to retain jurisdiction and insure "the appearance of all parties on the demurrer" at the next scheduled hearing on October 26. In so doing, the trial court effectively *excused* the defendant's nonappearance on October 19 based on its knowledge—from the representations of counsel and the waivers allowed by the court at the October 16 hearing—that the defendant had a sufficient excuse therefor.

■ Such an interpretation of the trial court's actions is in accordance with the power specifically granted to it under section 1305.1.[11] "This statutory provision creates a limited exception to the general rule that a failure to appear requires the court to order forfeiture of the bail with prompt notice to the surety. [Citation.] The theory behind this exception is that '[i]f bail forfeiture is required immediately upon the first nonappearance of a defendant, no matter how valid his reason for nonappearance be, such defendant would be subjected not only to having his bail forfeited but the additional penalty of possibly being required to pay another premium for its reinstatement.' [Citation.] Accordingly, the court can continue a hearing and still retain its jurisdiction to declare a forfeiture at a later time as long as it has a reason to believe that a sufficient excuse exists for the nonappearance. [Citation.]" (*People v. Ranger Ins. Co.* (1994) 31 Cal.App.4th 13, 19 [36

---

[10] " 'The object of bail and its forfeiture is to insure the attendance of the accused and his obedience to the orders and judgment of the court.' [Citation.] . . . Absent an order or other actual notification from the court that [the defendant's] appearance was required at a given date and time, the failure of [the defendant] to appear cannot be grounds for forfeiture of bail under section 1305. [¶] . . . [¶] Since [the defendant] was not required under section 1305 to appear on [the date in question], the court's order forfeiting bail on that date is void. [Citation.] '[W]here a statute requires a court to exercise its jurisdiction in a particular manner, follow a particular procedure, or subject to certain limitations, an act beyond those limits is in excess of its jurisdiction.' [Citation.]" (*People v. Classified Ins. Corp., supra,* 164 Cal.App.3d at pp. 346–347.)

[11] Section 1305.1 provides: "If the defendant fails to appear for arraignment, trial, judgment, or upon any other occasion when his or her appearance is lawfully required, *but the court has reason to believe that sufficient excuse may exist for the failure to appear,* the court *may continue* the case for a period it deems reasonable to enable the defendant to appear without ordering a forfeiture of bail or issuing a bench warrant. [¶] If, after the court has made the order, the defendant, without sufficient excuse, fails to appear on or before the continuance date set by the court, the bail shall be forfeited and a warrant for the defendant's arrest may be ordered issued." (Italics added.)

Cal.Rptr.2d 807] [" 'In most situations involving a section 1305[.1] determination the only reasons before the trial court are the evidence or representations furnished by defendant's counsel. The cases demonstrate that the courts have cooperated with defense counsel's requests and have liberally relied on their representations' "]; see *People v. Ranger Ins. Co.* (2003) 108 Cal.App.4th 945, 952 [134 Cal.Rptr.2d 199] ["The determination whether an excuse is sufficient is a matter within the trial court's discretion"]; see also *People v. American Bankers Ins. Co.* (1989) 215 Cal.App.3d 1363, 1367 [264 Cal.Rptr. 152]; *People v. Surety Ins. Co.* (1976) 55 Cal.App.3d 197, 202 [127 Cal.Rptr. 451].)

█ In any event, because the trial court could not as a matter of law validly declare a forfeiture under section 1305 based on the defendant's nonappearance at a hearing he was not "lawfully required" to attend, particularly where there was clearly "sufficient excuse" for his nonappearance, it was unnecessary to give notice to the surety of any such "forfeiture" declared at the hearing on October 19, 2001. This case is completely distinguishable from the cases cited by appellant in which a defendant was actually required to appear at a hearing and failed to do so without sufficient excuse. (*County of Los Angeles v. Granite State Insurance Company, supra,* 121 Cal.App.4th 1 [defendant failed without excuse to make appearance at pretrial hearing at which he was specifically ordered to appear]; *People v. Wilshire Ins. Co., supra,* 46 Cal.App.3d at pp. 218–221 [defendant failed without excuse to make required appearance at arraignment].) In those cases, a defendant failed without any legitimate excuse to make a required appearance at a hearing enumerated by section 1305, subdivision (a), and the trial court's failure to give notice of the otherwise valid forfeiture constituted a violation of the jurisdictional statutory requirements of section 1305, subdivision (b), resulting in exoneration of the respective bonds. Here, in contrast, the trial court expressly stated on the record that the defendant was *not* expected to attend the October 19 hearing. Because the defendant's appearance on that date was not required, any order forfeiting bail was void, and there was consequently no actual forfeiture or necessity for providing the surety with section 1305, subdivision (b) notice. (*People v. Classified Ins. Corp., supra,* 164 Cal.App.3d at pp. 346–347.)

█ It follows that there is no merit to appellant's assertion that the trial court lost jurisdiction over the subject bond because it failed to comply with proper notification procedures in "reinstating" the bond on October 26. Put simply, because as a matter of law there was no valid basis for declaring forfeiture of the bond on October 19, there was necessarily no forfeited bond to "reinstate" on October 26.

### DISPOSITION

The order denying appellant's motion to vacate forfeiture and exonerate the bond is affirmed.

Corrigan, J., and Pollak, J., concurred.