Filed 12/10/13  County of Los Angeles v. Indiana Lumbermens Mutual Ins. Co. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| COUNTY OF LOS ANGELES, | B245117 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SJ003737) |
| v. | |
| INDIANA LUMBERMENS MUTUAL INSURANCE COMPANY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lia Martin, Judge.  Affirmed.

John M. Rorabaugh, for Defendant and Appellant.

Office of the County Counsel, Ruben Baeza, Jr., Assistant County Counsel and Joanne Nielsen, Principal Deputy County Counsel, for Plaintiff and Respondent.

_____

## INTRODUCTION

Sarkis Ambartsumyan was charged with attempted murder and his bail was set at approximately $2 million. At the arraignment, the court ordered the jailer to produce Ambartsumyan at a pretrial hearing scheduled for May 4, 2010. Before that hearing, Ambartsumyan was released after Indiana Lumbermens Mutual Insurance Company posted a surety bond guaranteeing he would appear in court on May 4, 2010. Ambartsumyan failed to appear at the pretrial hearing. The court declared the bail forfeited pursuant to Penal Code section 1305 and subsequently entered a summary judgment on the bond. The court denied Indiana Lumbermens' motion to vacate the forfeiture, which asserted that Ambartsumyan had not been lawfully required to attend the pretrial hearing. We affirm.

## FACTUAL BACKGROUND

Sarkis Ambartsumyan was present in court at his arraignment for attempted murder; his bail was set at $2,085,000. At defense counsel's request, the court scheduled a pretrial hearing: "Pre-trial set May 4th. No time waiver required. It's well within the [60-day] period.[1] Defendant is ordered out [¶] . . . [¶] Bail will remain as previously set." The court thereafter entered a minute order stating that Ambartsumyan had been remanded to custody and "order[ed] to appear" at the pretrial hearing.

On April 10, 2010, Indiana Lumbermens Mutual Insurance Company posted a bail bond with Ambartsumyan's jailer guaranteeing that he would appear in court on May 4, 2010. Specifically, the bond stated: "[Sarkis Ambartsumyan] having been admitted to bail in the sum of [$2,085,000] and ordered to appear in . . . [Los Angeles Superior Court] on [May 4, 2010] on [attempted-murder] charges: Now, [Indiana

---

**1**    Penal Code section 1382 "provides that, in a felony case, the court shall dismiss the action when a defendant is not brought to trial within 60 days of his or her arraignment on an indictment or information, unless (1) the defendant enters a general waiver of the 60-day trial requirement, (2) the defendant requests or consents to . . . the setting of a trial date beyond the 60-day period . . . , or (3) 'good cause' is shown." (*People v. Sutton* (2010) 48 Cal.4th 533, 545.)

Lumbermens], hereby undertakes that the above-named defendant will appear in the above-named court on the date above set forth to answer any charge in any accusatory pleading based upon the acts supporting the complaint filed against him . . . . or if he fails to perform . . . these conditions, that [Indiana Lumbermens] will pay to the People of the State of California, the sum of [$2,085,000]."

Ambartsumyan was released from custody, but failed to appear at the May 4, 2010 pretrial hearing. The trial court issued a bench warrant for his arrest and declared the bond forfeited pursuant to Penal Code section 1305.[2] The next day, the clerk served Indiana Lumbermens with a notice of forfeiture stating that its bond obligation would become due in 186 days. During a subsequent bond hearing, Indiana Lumbermens informed the court that Ambartsumyan had fled the United States and that it was working with authorities to secure his return.

After repeatedly extending and tolling the bond forfeiture date,[3] the court entered a summary judgment against Indiana Lumbermens on May 24, 2012. (See § 1306 ["When . . . the period of time specified in Section 1305 has elapsed without the forfeiture having been set aside, the court . . . shall enter a summary judgment against each bondsman named in the bond in the amount for which the bondsman is bound"].) Indiana Lumbermens filed a motion to set aside the summary judgment arguing that the court lacked jurisdiction to declare the bail forfeited at the May 4, 2010 pretrial hearing. The court denied the motion and Ambartsumyan filed a timely appeal.

## DISCUSSION

### A. Standard of Review

"An order denying a motion to vacate summary judgment on a bail bond forfeiture is an appealable order and is a proper vehicle for considering a jurisdictional attack on the

---

[2]    Unless otherwise noted, all further statutory citations are to the Penal Code.

[3]    The court initially granted Indiana Lumbermens a 180-day extension of the forfeiture date pursuant to section 1305.4; it then agreed to toll the forfeiture date for an additional period pursuant to section 1305, subdivisions (e) and (h).

summary judgment. [Citation.]" (*People v. International Fidelity Ins. Co.* (2012) 204 Cal.App.4th 588, 592 (*International Fidelity*).) "Ordinarily, appellate courts review an order denying a motion to vacate the forfeiture of a bail bond under an abuse of discretion standard. [Citation.] When the appellate court is deciding only legal issues, however, such as jurisdictional questions and matters of statutory interpretation, the abuse of discretion standard does not apply. [Citation.] When the facts are undisputed and only legal issues are involved, appellate courts conduct an independent review." (*Ibid.*) The sole issue raised in this appeal involves a jurisdictional question based on undisputed facts; we therefore conduct an independent review.

### B. *Ambartsumyan was "Lawfully Required" to Attend the Pretrial Hearing*

"'The forfeiture or exoneration of bail is entirely a statutory procedure, and forfeiture proceedings are governed entirely by the special statutes applicable thereto. [Citation.]. . .'[Citation.]" (*People v. International Fidelity Ins. Co.* (2012) 212 Cal.App.4th 1556, 1561.) "Section 1305 provides the jurisdictional prerequisites before a court can order forfeiture of bail." (*People v. Classified Ins. Corp.* (1985) 164 Cal.App.3d 341, 344 (*Classified*).) The section states, in relevant part: "A court shall in open court declare forfeited the undertaking of bail or the money or property deposited as bail if, without sufficient excuse, a defendant fails to appear for any of the following: [¶] (1) Arraignment. [¶] (2) Trial. [¶] (3) Judgment. (4) Any other occasion prior to the pronouncement of judgment if the defendant's presence in court is lawfully required . . ."

In this case, the court declared a forfeiture of the bail bond based on Ambartsumyan's failure to appear at the May 4th pretrial hearing. The parties agree that because this pretrial hearing did not constitute an arraignment, trial or judgment, the court only had jurisdiction to declare the bond forfeited if Ambartsumyan's appearance at the hearing was "lawfully required" within the meaning of section 1305, subdivision (4).

A defendant's presence is "lawfully required" within the meaning of section 1305 when either: (1) "there is 'a specific court order commanding his appearance at a date and time certain' [citation]" (*People v. Ranger Ins. Co.* (1992) 6 Cal.App.4th 1301, 1304

4

(*Ranger*)); or (2) the defendant's appearance is otherwise required by operation of statute or rule of law. (See *ibid.*; see also *Classified, supra*, 164 Cal.App.3d at p. 345 [a defendant is "lawfully required" to attend a hearing within the meaning of section 1305 when his or her presence is "ordered by the court [] or otherwise require[d] by law . . ."].) Thus, where a statute or rule of law requires a defendant to attend a specific type of hearing, the defendant's appearance is "lawfully required" even in the absence of a court order compelling him to attend. (See, e.g., *Ranger*, *supra*, 6 Cal.App.4th at p. 1304 [Under California Rule of Court 4.112 (formerly Rule 227.6), a "pretrial readiness conference is an occasion when the defendant's presence is lawfully required" even where "the court did not specifically order his or personal presence"]; *People v. American Bankers Ins. Co.* (1990) 225 Cal.App.3d 1378, 1382-1383 [because "rule 227.6 mandates defendant's appearance [at the readiness conference] by its terms, we conclude . . . the defendant's presence was 'lawfully required'"].)

The County of Los Angeles argues that, here, Ambartsumyan's presence at the May 4, 2010 pretrial hearing was "lawfully required" pursuant to section 1269b, which authorizes "[a] jailer . . . [to] accept bail from an arrestee and set the time and place for his appearance." (*People v. American Surety. Ins. Co.* (2009) 178 Cal.App.4th 1437, 1439 (*American*).) Section 1269b, subdivision (a) states, in relevant part, that a jailer may: (1) "accept bail" in the form of "cash or surety bond executed by a certified, admitted surety insurer"; (2) "issue an order . . . for the release of the arrested person"; and (3) "set a time and place for the appearance of the arrested person before the appropriate court and give notice thereof." Subdivision (h), in turn, provides that if the "defendant or arrested person so released fails to appear at the time and in the court so ordered upon his or her release from custody, Section[] 1305 . . . appl[ies]."

Under this framework, the bail bond effectively operates as a "contract between the government and the surety in which the surety acts as a guarantor of the defendant's appearance under risk of forfeiture of the bond. As a result, when th[e] contract is breached, the bond should be enforced. However, when the nonappearance is not one that the bail was required to, or did, cover, the surety is not liable on its bond. The

5

surety's liability is limited to the contract's terms." (*People v. Accredited Surety & Casualty Co*. (2012) 207 Cal.App.4th 163, 167 (*Accredited*).)

The record shows that after Ambartsumyan pleaded not guilty at his arraignment, the trial court ordered his jailer to produce him at the May 4th pretrial hearing. Before the May 4th hearing, however, the jailer accepted Indiana Lumbermens' surety bond pursuant to section 1269b and released Ambartsumyan from custody on the condition that he attend the hearing. Indeed, the bond specifically stated that Indiana Lumbermens would pay the amount set forth in the bond if Ambartsumyan failed to appear in court on May 4, 2010. Ambartsumyan thereafter failed to appear at the pretrial hearing. Section 1269b, subdivision (h) provides that, under such circumstances "Section[] 1305 . . . appl[ies]," thereby providing the trial court jurisdiction to declare the bail forfeited.

Indiana Lumbermens does not dispute that the jailer released Ambartsumyan pursuant to section 1269b on the condition that he attend the May 4th pretrial hearing. It contends, however, that under the statutory framework set forth in sections 1269b and 1305, a defendant is not "lawfully required" to appear at the time and place set by the jailer unless there is a pre-existing court order or rule of law compelling the defendant's appearance at that time and place.

In this case, however, there was a pre-existing order requiring Ambartsumyan to appear at the time and place set forth in the bond: at the arraignment, which Ambartsumyan attended, the court ordered the jailer to produce the defendant at the May 4, 2010 pretrial hearing. Indiana Lumbermens contends this order did not "lawfully require" Ambartsumyan to appear at the pretrial hearing because the order was directed at the jailer, rather than at Ambartsumyan. Subdivision 1305, subdivision (4), however, contains no language suggesting that forfeiture is proper only if court personally directs the defendant to appear at a hearing. Rather, the subdivision states that a court may declare a bond forfeited whenever the defendant, without adequate excuse, fails to appear on "[a]ny . . . occasion" that "the defendant's presence in court is lawfully required." We fail to see why an order directing the jailer to produce a defendant at a scheduled hearing date is insufficient to lawfully require the defendant's presence at that hearing. As a

6

practical matter, a trial court seeking to compel an incarcerated defendant's attendance at a future hearing must direct its order toward the jailer who controls the defendant.

Indiana Lumbermens, however, contends that this case cannot be distinguished from *People v. National Auto & Casualty Insurance Company* (1977) 77 Cal.App.3d Supp. 7 (*National Auto*), in which the appellate department of the Superior Court held that a defendant was not "lawfully required" to appear in court based solely on a hearing date set forth in a surety bond. The bond at issue in *National Auto* indicated the defendant was to appear in court for an unspecified hearing on December 1, 1975; the court docket, however, indicated that the first "appearance date" was scheduled to occur on December 3, 1975. (*Id.* at p. 9) When the cause was called on December 3, the defendant failed to appear, and the bail was ordered forfeited. The bonding company moved to set aside the forfeiture, arguing that the court lost jurisdiction by failing to declare the bail forfeited on December 1. The appellate department rejected the argument, explaining that "the [trial] court did not order defendant to appear on December 1, 1975. Under the conceded facts any obligation he had to appear on that date was the result of a contractual agreement between him and the bonding company. The obligation created by that agreement is not within the ambit of section 1305." (*Ibid.*)

In contrast to *National Auto*, however, the trial court in this case had specifically ordered Ambartsumyan's appearance at the date and time set forth in Indiana Lumbermens' bond. As explained above, the court initially ordered the jailer to produce Ambartsumyan at the May 4th pretrial hearing. Before that hearing occurred, Indiana Lumbermens secured Ambartsumyan's release by posting a bond guaranteeing that he would appear at the date and time set forth in the court's order. *National Auto* has no relevance where, as here, a pre-existing court order compelled the defendant's appearance at the date and time set forth in the bond.[4]

---

[4] Indiana Lumbermens cites several other cases holding that a trial court has no authority to declare a bond forfeited in the absence of an order or rule of law compelling the defendant's appearance. For example, in *Ranger, supra,* 6 Cal.App.4th at pp. 1304-1305, the court concluded that defendant's failure to attend an optional alternate

In sum, we find no merit in Indiana Lumbermens' contention that a defendant is not "lawfully required" to attend a pretrial hearing where: (1) in the defendant's presence, the court commands the jailer to produce the defendant for a pretrial hearing at a specified time and date; and (2) the jailer thereafter releases the defendant pursuant to a surety bond guaranteeing that the bonding company will pay the amount of the bail in the event the defendant fails to attend the pretrial hearing at the specified time and date previously set by the trial court.[5]

## DISPOSITION

The trial court's order denying the motion to vacate summary judgment on the bail bond forfeiture is affirmed. Respondent shall recover its costs of appeal.

ZELON, J.

We concur:

PERLUSS, P. J.                          WOODS, J.

---

resolution hearing was not a proper grounds for forfeiture. Similarly, in *Classified, supra*, 164 Cal.App.3d at p. 344, the court ruled that, in the absence of an order compelling his attendance, the defendant was not lawfully required to appear at a hearing on a motion to set aside the information. Finally, in *American, supra,* 178 Cal.App.4th at pp. 1440-1441, the court ruled that a prosecutor's letter informing the defendant of an upcoming hearing date did not lawfully require attendance within the meaning of section 1305. None of these cases have any relevance here.

[5]     The County also asserts that Ambartsumyan's presence at the May 4th pretrial hearing was lawfully required pursuant to California Rule of Court 4.112 (requiring felony defendant's presence at the "readiness conference") and Penal Code section 977 (requiring felony defendant to attend all court hearings unless a waiver has been filed). Because we conclude the defendant's attendance at the pretrial hearing was lawfully required under section 1269b, we need not address whether he was also required to attend by operation of Rule 4.112 or section 977.

8