Filed 7/21/15  P. v. Cervantes CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>LUIS CERVANTES,<br><br>    Defendant and Appellant. | F068098<br><br>(Super. Ct. No. F12908753)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Jonathan B. Conklin, Judge.

Salvatore Sciandra and Lisa M. Sciandra for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Lewis A. Martinez and Charity S. Whitney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Levy, Acting P.J., Gomes, J. and Poochigian, J.

A jury convicted appellant Luis Cervantes, in Fresno County Superior Court case No. F1208753, of three counts of second degree robbery (Pen. Code, § 211)[1] and found true a personal use of a firearm enhancement (§ 12022.53, subd. (b)) in each count.

On August 2, 2013, the court sentenced Cervantes to an aggregate term of 16 years four months: an aggregate term of 12 years in count 1; a consecutive, aggregate term of four years four months on count 2; a concurrent, aggregate term of 12 years on count 3; and a concurrent term of three years on his domestic violence conviction in an unrelated case (Fresno County Superior Court case No. F11907381).

On appeal, Cervantes contends the court abused its discretion when it denied his motion for a new trial. Respondent contends Cervantes's abstract of judgment does not correctly memorialize the judgment. We conclude that Cervantes's abstract of judgment contains several errors and direct the trial court to correct them. In all other respects, we affirm.

**FACTS**

On April 21, 2012, as Alejandro Soto was driving to Del Rey with passengers Marisol Z. and her grandmother, Maria Hernandez, an SUV began following them. Soto parked his vehicle and the SUV stopped behind him. Soto got out of his vehicle, approached the driver's window of the SUV and asked Cervantes, the driver of the SUV, what was wrong. Cervantes pointed a gun at Soto and demanded to know what he was doing there and why he was driving with his high beams on. Soto told Cervantes and his passenger that he did not want any problems. Soto got back in his vehicle and drove away. The SUV continued to follow Soto's vehicle. Eventually, Soto stopped again and the SUV stopped in front of his vehicle. Cervantes walked over to Soto and ripped a rosary from his neck and took his watch. He also grabbed the ignition key and had Soto get out of his vehicle. As Cervantes pointed a gun at Soto, his confederate held a gun to

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

2.

Marisol's chest and took her cellphone, necklace, and bracelet. Cervantes and his confederate also took a chain from Hernandez. Eventually, the men left and Soto and the women called the police from a nearby residence.

Two days later, Soto identified Cervantes from a photo lineup as the driver of the SUV.

On November 20, 2012, the district attorney filed an information charging Cervantes with the robbery charges that he was convicted of and the gun enhancements that were found true.

On April 4, 2013, the jury convicted Cervantes on the three robbery charges and found the enhancements true.

On June 21, 2013, Cervantes filed a motion for a new trial, alleging he was denied the effective assistance of counsel: (1) during plea bargaining by defense counsel's erroneous advice that he faced a maximum term of 17 years rather than the maximum term of 23 years eight months that he actually faced; and (2) during the trial when defense counsel aggressively advised him not to testify, which resulted in Cervantes not testifying.

In a supporting declaration, Cervantes alleged, in pertinent part, that throughout the trial he maintained his innocence. At the last trial confirmation hearing, defense counsel informed him that the prosecution had offered a plea bargain calling for a three-year prison term. Defense counsel told Cervantes that if he were convicted of all the counts and all the enhancements were found true, he faced a maximum term of 17 years. Defense counsel also told Cervantes that he had a good chance of being acquitted because of a weak identification and the lack of direct evidence linking him to the crime. Cervantes rejected the plea offer based on defense counsel's representations that he had a good chance of being acquitted and that the maximum term he faced was 17 years. Cervantes further asserted that even though he maintained his innocence, if he had known

3.

the maximum penalty he faced was 23 years, he would have accepted the plea offer of three years and plead no contest to the charges.

On July 10, 2013, the court found Cervantes was not coerced into not exercising his right to testify and denied the motion on that ground. The court tentatively denied the motion on the ground that defense counsel erroneously misadvised him of the maximum term he faced during plea negotiations and it continued the hearing so that it could do some additional research. The court also stated it did not find credible Cervantes's statement that he would have accepted a plea bargain if he had been advised he faced a maximum term of 23 years.

On July 30, 2013, the court found that Cervantes failed to show that he would have accepted the plea bargain if he had been advised that he faced 23 years and it denied his motion for a new trial on the remaining ground.

## DISCUSSION

### The Motion for a New Trial

Cervantes challenges the denial of his motion for a new trial only on the ground of ineffective assistance of counsel during plea negotiations. According to Cervantes, reversal of the order denying his motion for a new trial is required because the trial court's finding that he was not credible is not supported by any evidence. We reject this contention.

"Although ineffective assistance of counsel is not one of the statutory grounds for granting a new trial, the issue may nonetheless be asserted as the basis for a motion for new trial." (*People v. Reed* (2010) 183 Cal.App.4th 1137, 1143.) A defendant is entitled to effective assistance of counsel at the plea bargaining stage of a criminal proceeding. (*In re Resendiz* (2001) 25 Cal.4th 230, 239.) "Application of the constitutional guarantee of effective assistance of counsel to the advice given a defendant to plead guilty necessarily encompasses the counterpart of that advice: to reject a proffered plea bargain and submit the issue of guilt to the trier of fact." (*In re Alvernaz* (1992) 2 Cal.4th 924,

4.

934-935 (*Alvernaz*).) Thus, counsel's ineffective representation that results in a defendant's rejection of an offered plea bargain and in the defendant's decision to proceed to trial also gives rise to a claim of ineffective assistance of counsel. (*Ibid.*)

"… To demonstrate that a defendant has received constitutionally inadequate representation by counsel, he or she must show that (1) counsel's representation was deficient, i.e., it fell below an objective standard of reasonableness under prevailing professional norms; *and* (2) counsel's deficient performance subjected the defendant to prejudice, i.e., there is a reasonable probability that, but for counsel's failings, the result would have been more favorable to the defendant." (*Alvernaz, supra*, 2 Cal.4th at pp. 936-937.)

"… To establish prejudice, a defendant must prove there is a reasonable probability that, but for counsel's deficient performance, *the defendant would have accepted the proffered plea bargain* and that in turn *it would have been approved by the trial court*." (*Alvernaz, supra*, 2 Cal.4th at p. 937, italics added.)

"In determining whether a defendant, with effective assistance, would have accepted the offer, pertinent factors to be considered include: whether counsel actually and accurately communicated the offer to the defendant; the advice, if any, given by counsel; the disparity between the terms of the proposed plea bargain and the probable consequences of proceeding to trial, as viewed at the time of the offer; and whether the defendant indicated he or she was amenable to negotiating a plea bargain." (*Alvernaz, supra*, 2 Cal.4th at p. 938.)

"[D]efense counsel must communicate accurately to a defendant the terms of any offer made by the prosecution, and inform the defendant of the consequences of rejecting it, including the maximum and minimum sentences which may be imposed in the event of a conviction." (*Alvernaz, supra*, 2 Cal.4th at p. 937.) Thus, counsel provided deficient representation by her failure to accurately advise Cervantes that he faced a maximum term of 23 years eight months if he rejected the plea offer.

Turning to the prejudice prong, we note that Cervantes has not alleged or shown that the trial court would have accepted the plea bargain. Further, the only evidence that he would have accepted the prosecution's plea deal is his statement to that effect contained in the supporting declaration attached to his motion for a new trial. "However, 'The [trier of fact] is not bound to believe even the uncontradicted testimony of a particular witness, especially where the statements are self-serving and the [trier of fact] has reason to believe that other testimony of the witness is untruthful.'" (*People v. Surety Ins. Co.* (1978) 77 Cal.App.3d 533, 537.)

Cervantes contends this rule does not apply because the court did not have reason to believe that other testimony by him was not truthful. Cervantes misinterprets the above quotation. Self-serving statements and evidence of other false testimony by a witness may make it more appropriate for a trier of fact to reject the uncontradicted testimony of a witness. The above quote, however, does not mean that they are a prerequisite for the trier of fact to do so.

In any event, "a defendant's self-serving statement—after trial, conviction, and sentence—that with competent advice he or she *would* have accepted a proffered plea bargain, is insufficient in and of itself to sustain the defendant's burden of proof as to prejudice, and *must be corroborated independently by objective evidence*." (*Alvernaz*, *supra*, 2 Cal.4th p. 938, second italics added.) Cervantes, however, has not cited any objective evidence that corroborates his claim that he would have accepted the plea offer if properly advised.

Cervantes contends that several minute orders in the record show he was amenable to plea bargaining and that this provides the requisite corroboration of his statement that he would have accepted the proffered plea bargain. We disagree.

The minute orders Cervantes refers to show that a settlement conference which was originally scheduled for November 20, 2012, was continued three times, including on February 21, 2013, when it was continued to March 7, 2013, the date Cervantes

6.

rejected the plea bargain and the offer was revoked. The minute order for February 21, 2013, contains the notation, "Oral motion by Defense requesting continuance for possible resolution." Cervantes contends this notation shows that defense counsel expressed to the court there was a reasonable possibility the case would settle and that this indicates Cervantes was amenable to negotiating a plea bargain. Cervantes is wrong.

That a resolution was possible does not mean it was probable or that there was a reasonable possibility that a resolution would be reached. By its nature, a settlement conference entails the possibility of a plea offer by the prosecution and its acceptance by the defendant. Further, defense counsel was duty bound to obtain the best possible resolution for Cervantes and to communicate any plea offers by the prosecution to him. Thus, it does not follow from the above notation that a resolution was possible and that defense counsel was telling the court there was a reasonable possibility the case could settle. In any event, there is nothing in the February 21, 2013, minute order indicating that defense counsel was expressing Cervantes's sentiments with respect to resolving the case. Thus, even if the quoted notation indicates defense counsel was amenable to negotiating a plea bargain and that she believed there was a reasonable possibility of resolving the case, it cannot be inferred from the notation that Cervantes was also amenable to negotiating a plea deal. This is particularly true in view of Cervantes's continued insistence that he was innocent, defense counsel's representation that the prosecution's case was weak, and Cervantes's ultimate rejection of a very favorable plea bargain.

Cervantes also contends that the significant disparity between the maximum term of 23 years eight months he actually faced and the maximum term of 17 years he was erroneously advised of provides some corroborating evidence. We disagree.

Based on counsel's erroneous advice that he faced a maximum term of 17 years, Cervantes would have understood that by accepting the three-year plea deal he would avoid the risk of serving a substantial amount of additional time, i.e., 14 years. Based on

7.

his actual maximum term of 23 years eight months, by accepting the plea offer Cervantes actually would have avoided the risk of serving an additional 20 years eight months, a difference of six years eight months. However, in his declaration, Cervantes did not explain why knowing he would reduce his maximum potential sentence an additional six years eight months would have convinced him to accept the three-year plea offer when knowing that the offer would have reduced his maximum term by 14 years did not. Thus, we conclude that the record does not contain any objective evidence that corroborates Cervantes's statement that he would have accepted the plea bargain if he had been properly advised of the maximum term he faced. Further, since Cervantes did not meet his burden of showing that he was prejudiced by defense counsel's alleged deficient performance, it follows that the court did not abuse its discretion when it denied Cervantes's motion for a new trial.

### *Cervantes's Abstract of Judgment*

Respondent contends the court sentenced Cervantes to an aggregate term of 17 years and his abstract of judgment erroneously indicates it sentenced him to an aggregate term of only 16 years four months. Although we conclude that respondent is wrong, our review of Cervantes's abstract of judgment uncovered several errors that we will direct the trial court to correct.

On July 30, 2013, the court sentenced Cervantes to an aggregate 17-year term. However, on August 2, 2013, the court implicitly recalled the sentence (§ 1170, subd. (d)) and resentenced Cervantes to an aggregate term of 16 years four months. Thus, there is no merit to respondent's claim that Cervantes's abstract of judgment does not accurately memorialize his sentence.

However, our review of the abstract disclosed several errors. In section 1 of the abstract, the column labeled "CONCURRENT" does not indicate that the court imposed a concurrent three-year term on Cervantes's domestic violence conviction in Fresno County Superior Court case No. F11907381. In section 15, the abstract erroneously

8.

indicates that sentence was pronounced at his original sentencing hearing rather than at a resentencing per recall of commitment pursuant to section 1170, subdivision (d).  In section 16, it erroneously indicates that sentence was pronounced on July 30, 2013, rather than August 2, 2013.  We will direct the trial court to correct these errors.

## DISPOSITION

The trial court is directed to issue an amended abstract of judgment that corrects the errors noted above and to forward a certified copy to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.