[Civ. No. 50189. Second Dist., Div. Five. Feb. 9, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
SURETY INSURANCE COMPANY et al., Defendants and Appellants.

534

COUNSEL

Howard Meyerson for Defendants and Appellants.

John K. Van de Kamp, District Attorney, Donald J. Kaplan and Eugene D. Tavris, Deputy District Attorneys, for Plaintiff and Respondent.

OPINION

HASTINGS, J.—On December 17, 1975, an information was filed against Gary L. Morgan (Morgan) in the Los Angeles Superior Court (No. A 439203) containing seven counts. Morgan was charged in five of these counts as follows: count 2—violation of Penal Code section 459, burglary; count 3—violation of Penal Code section 211, robbery with great bodily injury; count 5—violation of Penal Code section 245, subdivision (a), assault with a deadly weapon; count 6—violation of Penal Code section 245, assault by means of force likely to produce great bodily injury; count 7—violation of Penal Code section 288a, oral copulation. In the same case, a felony complaint was filed against Morgan in the Municipal Court of the San Antonio Judicial District, with the counts being basically the same. The main significance of the felony complaint filed in the municipal court is that bail was recommended by the district attorney for Morgan in the sum of $20,000.

On December 26, 1975, Morgan's bail was set at $10,000, and Surety Insurance Company posted a $5,000 "undertaking of bail" and another $5,000 "undertaking of bail" was posted by Allied Fidelity Insurance Company on the same date. Each of these "undertakings of bail" were posted on a charge of "Felony 245 P.C." Morgan, up until December 26, 1975, had been in custody since the filing of the charges against him.

On February 26, 1976, Morgan's bail of $10,000 was ordered forfeited by the court for failure to appear. He never appeared thereafter, nor has he appeared at any subsequent proceedings in this case.

On September 3, 1976, each surety filed a notice of motion to vacate bail forfeiture and exonerate the bonds. The motion was heard and denied as to both sureties. This appeal followed.

In the declarations of the bail agents in support of the motion to vacate the bail forfeitures they stated that they were furnished false and erroneous information by the officials of Los Angeles County regarding the charges pending against Morgan. They stated that they were told by the appropriate officials that the only charge pending against Morgan on December 26, 1975, was a violation of Penal Code 245. They stated that if they had known the other charges pending against Morgan at that time, they would not have posted their respective "undertaking of bail."

The minute order of the trial court states: "Motion to set aside bail forfeiture and exonerate bail is argued and denied."

Appellants argue that the court was equitably estopped from declaring a forfeiture of the bail bonds.

The argument is: 1. That the court, vis-à-vis the sheriff, misrepresented to the sureties that Morgan was charged only with a violation of Penal Code 245 when in fact he faced numerous additional charges; 2. That the court had actual knowledge of the additional charges; 3. That the sureties were permissibly ignorant of the additional charges; 4. That the court should have reasonably anticipated that the sureties would act on this information, and further that they would not have posted the bond had they known of the additional charges against Morgan; 5. That the sureties relied on this misrepresentation to their detriment by posting the bonds and obligating themselves by their promises contained therein.

Existence of an estoppel is generally a question of fact for the trial court whose determination is conclusive on appeal unless the opposite conclusion is the only one that can be reasonably drawn from the evidence. (*Driscoll* v. *City of Los Angeles,* 67 Cal.2d 297, 305 [61 Cal.Rptr. 661, 431 P.2d 245].) Generally, the ruling of a trial court upon a motion implies a finding of fact favorable to the prevailing party on each ground or theory underlying the motion. (6 Witkin, Cal. Procedure (2d ed. 1971) pp. 4215-4218; *People* v. *Manning,* 33 Cal.App.3d 586, 601-602 [109 Cal.Rptr. 531].) Here, in denying the motion to exonerate bail, the trial court implicitly determined that estoppel did not exist.

Appellants argue that the only evidence presented was the declarations of the bail agents which were uncontradicted; therefore, estoppel was legally established.

However, "The [trier of fact] is not bound to believe even the uncontradicted testimony of a particular witness, especially where the statements are self-serving and the [trier of fact] has reason to believe that other testimony of the witness is untruthful." (*De Mond* v. *Superior Court,* 57 Cal.2d 340, 345 [19 Cal.Rptr. 313, 368 P.2d 865].)

Although the declarations of the bail agents set forth facts which, if believed, establish a misrepresentation or concealment of a material fact, it is reasonable to infer from the trial court's order that the court did not believe the statements of the bail agents or concluded that the bondsmen unwarrantably relied upon the sheriff when other information was readily available.

It is to be noted that appellants could have easily ascertained the charges pending against Morgan by checking the superior court file. If such information did in fact have a bearing upon whether or not the bail bond in issue would have been written, the court could have inferred that they checked such records before issuing said bond.

Further, the court could have properly disbelieved the bail agents' statements that they relied upon the sheriff's representations. ■ The sole purpose of bail is to assure the defendant's attendance in court when it is required. (*In re Underwood,* 9 Cal.3d 345, 348 [107 Cal.Rptr. 401, 508 P.2d 721]; *McDermott* v. *Superior Court,* 6 Cal.3d 693, 695 [100 Cal.Rptr. 297, 493 P.2d 1161].) Accordingly, while both the seriousness of the crime or crimes charged (Pen. Code, § 1275) and the number of separate offenses thus charged (*Ex parte Ruef,* 7 Cal.App. 750, 753 [96 P. 24]) are factors which are considered in determining the amount of bail required, the ultimate test is "the probability of his appearing at the trial or hearing of the case." (Pen. Code, § 1275.) Thus, the amount of bail required for a defendant's release may be taken as a rational gauge of the estimation of the monetary incentive necessary to secure said defendant's return. ■ Appellants knew at all times that $10,000 was the amount of bail and that under the bail schedule adopted pursuant to Penal Code section 1269b for Los Angeles County that a violation of Penal Code section 245 (assault with a deadly weapon or force) carries a maximum bail of $5,000. There was no misrepresentation as to these facts. If factors other than the amount of bail were important to appellant, it must be assumed that they knew, or should have known, of the other charges (which were of public record) before issuing the

undertakings. The court did not err in denying appellants' motions to set aside bail forfeiture and exonerate bail.

The order of September 28, 1976, is affirmed.

Stephens, Acting P. J., and Ashby, J., concurred.