[No. H009089. Sixth Dist. May 27, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
RANGER INSURANCE COMPANY, Defendant and Appellant.

**COUNSEL**

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

Steven M. Woodside, County Counsel, and Kevin D. Allmand, Deputy County Counsel, for Plaintiff and Respondent.

**OPINION**

**PREMO, J.**—Appellant Ranger Insurance Company posted a $10,000 bond for Mauro Rosas Ortiz in criminal case No. 139572 which was set for

trial in the Santa Clara County Superior Court on October 9, 1990. Ortiz failed to appear at either a narcotics case review (hereafter, NCR) calendar or for trial six days later, at which time the court ordered the bond forfeited. In appealing denial of its motion to vacate a summary judgment on the bail forfeiture, appellant contends that the court lost jurisdiction to forfeit the bond when it failed to declare a forfeiture on Ortiz's first nonappearance. We disagree and affirm.

## FACTS

The clerk's transcript, the only record of Ortiz's conduct, shows that he was present for arraignment with his attorney and a Spanish language interpreter in superior court on July 16, 1990. The clerk's minutes for July 16 show "PRETRIAL" crossed out and "NCR" written in, with "10-3-90 9—" following. In the next space, after the preprinted word "TRIAL," is the handwritten entry "10-9-90."

The next document, the clerk's minutes for October 9, show that Ortiz was not present, that a bench warrant issued, that bail was forfeited, and that new bail was set at $25,000. The clerk's transcript contains no clerk's minutes for October 3, 1990. However, appellant's motion to set aside the summary judgment and exonerate bond contains the "Record of Action" in Ortiz's case. There are five entries dated July 16, 1990; the fifth shows a "pre-trial" date of "10-3-90 9—[.]" A handwritten entry on October 3, 1990, reads "Impasse[,]" and a October 9, 1990, entry reads "B/W $25,000 +B/F[.]"

Appellant filed a motion to vacate the summary judgment and to exonerate the bond on July 18, 1991. The motion was denied, and this appeal ensued.

## DISCUSSION

 Appellant contends that the court lost jurisdiction to later declare a forfeiture of the bond when it did not do so when Ortiz first failed to appear on October 3.

Penal Code section 1305[1] requires that bail be forfeited: "(a) If, without sufficient excuse, the defendant neglects to appear for arraignment or for trial or judgment, or upon any other occasion when his or her presence in court is lawfully required . . . ." However, "(b) If, without sufficient excuse, the defendant neglects to appear for arraignment, trial, judgment, or upon any other occasion when his or her presence in court is lawfully

---

[1]Further statutory references are to the Penal Code unless otherwise stated.

required, . . . but the court has reason to believe that sufficient excuse may exist for his or her neglect to appear . . . , the court may continue the case for a period as it deems reasonable to enable the defendant to appear without ordering a forfeiture of bail or issuing a bench warrant." (*Ibid.*)

■ A defendant's presence is "lawfully required" when there is "a specific court order commanding his appearance at a date and time certain" (*People* v. *Classified Ins. Corp.* (1985) 164 Cal.App.3d 341, 344 [210 Cal.Rptr. 162]), or when a defendant has notice because he or she is present when the date and time for a mandatory appearance are set, even though the court did not specifically order his or her personal presence (*People* v. *American Bankers Ins. Co.* (1990) 225 Cal.App.3d 1378, 1383 [276 Cal.Rptr. 210]). A pretrial readiness conference is an occasion when the defendant's presence is lawfully required. (*Ibid.*; Cal. Rules of Court, rule 227.6; hereafter, rule 227.6.)

Rule 227.6 provides: "A readiness conference shall be held within one to fourteen days before the date set for trial. Trial counsel shall appear and be prepared to discuss the case and determine whether the case can be disposed of without trial. The prosecuting attorney shall have authority to dispose of the case, and the defendant shall be present in court."

In the instant case, in opposition to the motion, the district attorney presented the declaration of Superior Court Judge Robert M. Foley, who handled the NCR calendars during October 1990 through the time of the hearing. In explaining the operation of the NCR calendar, he stated: "The Court does not require the appearance of a defendant at a Narcotics Case Review. The Court does not check for the appearance of defendant at an 'NCR' and sometimes may not know whether or not a defendant is present if a case is not called for change of plea. [¶] . . . If a case does not reach disposition, and no change of plea entered, my clerk routinely checks 'defendant not present' on the court docket if it is not apparent that defendant was present in court. No effort is made to determine whether or not the defendant has been in court with his counsel on an 'NCR' calendar because we deem the 'NCR' a non-mandatory appearance of a defendant.

"The Narcotics Case Review calendar does not function as a trial readiness calendar, but as time for optional discussion of resolution of cases. In the Superior Court for this county, the felony trial calendar is called on Monday mornings. On the preceding Friday, a Readiness conference is conducted in the department of the Presiding Judge for the Criminal Division."

The trial court relied heavily on Judge Foley's statement in its decision. The trial court stated: "[T]he court will fine [*sic*] the NCR calendar is not equivalent to the readiness conference calendar contemplated by rule 227.6.

"The court will also find, based upon the declaration of Judge Foley that the defendant's appearance at the NCR calendar is not required. It appears to the court and the court believes it has sufficient basis to find that that is known to the attorneys who commonly appear at the NCR calendar and that their advice to their clients would follow from the normal procedure at that calendar that the appearance of the client is optional.

"In fact, it appears from Judge Foley's declaration that the court does not even check to see if the defendant is present at the time of that calendar unless a plea is taken on the calendar.

"It would appear to the court that even if the NCR calendar be deemed to be an equivalent of the readiness conference calendar contemplated by rule 227.6, that the practice of the judge of that calendar in advising counsel . . . [that] the presence of the defendants at those conferences is optional and nonmandatory would be sufficient excuse for defendant not to be present."

Appellant contends that the findings of the trial court "mean[] that the jurisdictional requirements of section 1305 and Rule 227.6 are meaningless, that they may be dispensed with simply by a trial court's election to employ a practice which circumvents the requirements. . . . It is a total disregard of the right of the surety to keep tabs on a defendant even at those most critical times right before trial, when he is more likely to flee because the day of reckoning draws near."

In passing, we doubt that the purpose of a readiness conference is to allow the surety "to keep tabs on a defendant . . . [when] the day of reckoning draws near." The purpose of the readiness conference is management of criminal cases pending in the trial courts, as stated in the title of the chapter, "Criminal Trial Court Management Rules[.]" (23 West's Cal. Codes Ann., Civil and Criminal Court Rules, pt. 1 (1992 pocket supp.) preceding rule 227.1, p. 104.)

 More to the point, in light of the uncontroverted evidence supplied by Judge Foley's declaration, it is clear that the NCR calendar provides an opportunity for disposition in addition to the rule 227.6 hearing, which takes place on the Friday before trial.

 Appellant counters that at Ortiz's arraignment no pretrial hearing was set for the Friday before his October 9 trial. Therefore, it concludes: "If the October 3, 1990 [sic] was not the readiness conference, then the court lost jurisdiction . . . because it was required to set such a date and require the defendant's appearance. It did not, and thus violated the requirement that the defendant be accounted for on some date within 14 days of the trial."

That the court loses jurisdiction to forfeit bail on a defendant's nonappearance at trial if the court either neglects to set a rule 227.6 readiness

conference or excuses the defendant's appearance at best is a novel concept for which appellant cites no authority. We do not accept it.

The purpose of bail is to ensure the defendant's appearance at hearings which are set. (*People* v. *Surety Ins. Co.* (1978) 77 Cal.App.3d 533, 537 [143 Cal.Rptr. 661].) If a hearing is not set, a defendant cannot fail to appear for purposes of bond forfeiture.

Furthermore, a court may excuse the presence of a defendant at a rule 227.6 hearing. The main purpose of a readiness conference is to dispose of cases before trial. Toward this end, the attorneys involved are ordered to be present, prepared to discuss cases and with authority to settle them. If a case does not settle, the defendant's presence is unnecessary.

The law does not require idle acts. (Civ. Code, § 3532.) Section 1305 gives the court authority to excuse a bailee's nonappearance on sufficient cause, or to continue a matter in the bailee's absence if the court has reason to believe that the nonappearance may be excusable. It is implicit that the court may excuse a bailee's appearance in advance of a hearing.

It is clear from Judge Foley's declaration that the practice of excusing defendants' appearance is followed in the Santa Clara County Superior Court.

Additionally, from the record presented on appeal, we are unable to determine whether Ortiz did or did not attend the NCR calendar. Judge Foley stated that his clerk routinely marks defendants absent if their presence is not somehow called to the clerk's attention or their cases are not called for disposition. The record contains no clerk's minutes showing that Ortiz was marked "not present" on October 3. The sole indication of the occurrences on October 3 lies in the "record of action[,]" which states "Impasse[.]" This entry could equally well support the inference that Ortiz was present and either refused or was not offered a settlement.

The trial court did not err in denying appellant's motion.

### Disposition

The judgment is affirmed.

Capaccioli, Acting P. J., and Elia, J., concurred.

A petition for a rehearing was denied June 19, 1992, and appellant's petition for review by the Supreme Court was denied August 12, 1992.