Filed 3/14/16  P. v. Financial Casualty & Surety CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FINANCIAL CASUALTY & SURETY, INC.,<br><br>    Defendant and Appellant. | D066946<br><br><br>(Super. Ct. No. 37-2014-00019687-CL-EN-CTL) |

APPEAL from an order of the Superior Court of San Diego County, Lisa Schall, Judge.  Affirmed.

Law Office of John Rorabaugh and John M. Rorabaugh for Defendant and Appellant.

Thomas E. Montgomery, County Counsel, and Thomas Deák, Deputy County Counsel, for Plaintiff and Respondent.

Financial Casualty & Surety, Inc. (Surety) posted a bail bond for a defendant charged with a crime and, when the defendant did not appear at a hearing denominated as a felony readiness hearing, the court ordered the bond forfeited.  The court denied

Surety's subsequent motion to vacate the forfeiture and exonerate the bond, and Surety appeals from the denial of its motion. The only issue is whether the hearing at which the defendant did not appear was one at which she was required to appear. Because we conclude the defendant was required to appear at the felony readiness hearing within the meaning of the bail forfeiture statutes, we hold the court properly ordered the bond forfeited and did not abuse its discretion in denying Surety's subsequent motion to vacate the forfeiture and exonerate the bond.

I

FACTUAL AND PROCEDURAL BACKGROUND

A. The Nonappearance

Defendant Ciarra Mendoza was charged with transportation of controlled substances and possession for sale of controlled substances, together with various enhancement and prior offense allegations. Surety posted a bond for the release of Mendoza from custody. On April 18, 2012, Mendoza appeared and asked for a continuance of the trial date and agreed to "waive time." The court then set a readiness hearing for May 15, 2012, and a trial date for June 12, 2012. The written order setting the readiness hearing for May 15, 2012, was served on Mendoza.

On May 15, 2012, Mendoza did not appear at the readiness hearing set for 8:30 a.m., and the court trailed the matter until the afternoon. Defense counsel for Mendoza returned for the continued readiness hearing but she again did not appear, and defense counsel informed the court he had not had "any contact" with Mendoza "for the last couple of days." The court, after noting Mendoza "should be here" and was not, ordered

2

the bond forfeited and issued a bench warrant for her arrest.  Defense counsel made no objection.

B. The Motion

The clerk mailed a notice of forfeiture and the court subsequently entered summary judgment on the forfeited bond.  Surety timely moved to vacate the forfeiture and exonerate the bond.  Surety's written motion argued the court did not have jurisdiction to forfeit the bond because Mendoza was not ordered to appear at the May 15, 2012, felony readiness hearing, and the felony readiness hearing was not a hearing at which her appearance was required by Penal Code[1] section 1305 or any other statute, and therefore there was no legal requirement for her to appear.  Surety argued the court erred when it ordered the bond forfeited based on Mendoza's nonappearance.

The People opposed the motion, asserting the court had expressly notified Mendoza of the May 15, 2012, readiness hearing, and California Rules of Court rule 4.112 (Rule 4.112) mandated that Mendoza appear at the readiness hearing.  (Rule 4.112(a)(3).)  The People argued that because Mendoza was lawfully required to appear at the May 15, 2012, readiness hearing by this provision, and "[a] pretrial readiness conference is an occasion when the defendant's presence is lawfully required" (*People v. Ranger Ins. Co.* (1992) 6 Cal.App.4th 1301, 1304 (*Ranger*)) within the meaning of the bail forfeiture statutes, her failure to appear at the felony readiness hearing permitted forfeiture of the bond.

---

[1]     All further statutory references are to the Penal Code.

At oral argument, Surety argued Rule 4.112 had no application because it mandated a readiness hearing between one and 14 days before the scheduled trial date, and Mendoza's readiness hearing was more than 14 days before trial. The court rejected Surety's argument because neither the defense nor the People objected to holding the Rule 4.112 hearing more than 14 days before trial. The court denied Surety's motion and Surety timely appealed.

II

ANALYSIS

A. Legal Principles

"The forfeiture or exoneration of bail is entirely a statutory procedure, and forfeiture proceedings are governed entirely by the special statutes applicable thereto. [Citation.] Sections 1305 through 1309 govern bail forfeiture. [Citation.] Because the law abhors forfeitures, these statutes are to be strictly construed in favor of the surety." (*People v. Ranger Ins. Co.* (1998) 66 Cal.App.4th 1549, 1552.)

Section 1305, subdivision (a), requires that bail be forfeited if, without sufficient excuse, a defendant does not appear for arraignment, trial, or judgment, or "[a]ny other occasion . . . if the defendant's presence in court is lawfully required." A defendant's presence is "lawfully required" at certain so-called mandatory hearings (even without a specific court order) and at other so-called nonmandatory hearings when there is " 'a specific court order commanding [her] appearance at a date and time certain.' " (*Ranger, supra,* 6 Cal.App.4th at p. 1304.)

4

When a court orders a bond forfeited, the surety may move to set aside the forfeiture, and the abuse of discretion standard applies to the trial court's resolution of a motion to set aside a bail forfeiture (*People v. Legion Ins. Co.* (2002) 102 Cal.App.4th 1192, 1195) subject to constraints imposed by the bail statutory scheme. " 'The law traditionally disfavors forfeitures and this disfavor extends to forfeiture of bail. [Citations.] Thus, Penal Code sections . . . dealing with forfeiture of bail bonds must be strictly construed in favor of the surety to avoid the harsh results of a forfeiture.' [¶] The standard of review, therefore, compels us to protect the surety, and more importantly the individual citizens who pledge to the surety their property on behalf of persons seeking release from custody, in order to obtain the corporate bond." (*County of Los Angeles v. Surety Ins. Co.* (1984) 162 Cal.App.3d 58, 62.) Because the determination on a motion to set aside a bail forfeiture is discretionary and will not be disturbed on appeal unless abuse appears in the record, deference requires that the trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious. (*County of Los Angeles v. Fairmont Specialty Group* (2009) 173 Cal.App.4th 538, 542-543.)

B. <u>Analysis</u>

Surety contends the May 15, 2012, hearing was not one of the so-called mandatory hearings at which a defendant must appear even without a specific court order. From that predicate, Surety asserts Mendoza's presence in court at that hearing could only have lawfully been required within the meaning of the bail forfeiture statutes if there was " 'a specific court order commanding [her] appearance at a date and time certain' " (*Ranger,*

5

*supra,* 6 Cal.App.4th at p. 1304), and because the reporter's transcript from the April 18, 2012, hearing does not reflect a specific order for Mendoza to appear at the May 15, 2012, hearing, Surety argues her nonappearance at that hearing could not support the bail forfeiture order.

Our Supreme Court recently published its decision in *People v. Safety National Casualty Corp.* (2016) 62 Cal.4th 703, and we are satisfied it controls here. In *Safety National,* the defendant (Bent) was released on bond and appeared at several hearings. At his arraignment hearing, the trial court entered Bent's plea of not guilty, and also set a pretrial conference date. Bent appeared at the pretrial conference, where the parties " 'agreed to put the case over' " to a new date, and the trial court stated " 'bail will stand.' " When Bent did not appear at the agreed upon date, the court ordered bail forfeited. (*Id.* at p. 708.) The *Safety National* court, after noting Bent had received notice of the pretrial hearing, did not execute a written waiver of his right to be present, and failed to appear without sufficient excuse, concluded "Bent's absence at this scheduled pretrial hearing constituted a basis on which to forfeit bail under section 1305." (*Id.* at p. 717.)

The People argue, and we agree, that case is controlled by *Safety National*, and Surety has declined the opportunity to provide supplemental briefing articulating any possible distinction that might obviate the application of *Safety National* to the present action. Here, as in *Safety National,* Mendoza received notice of the pretrial hearing, did not execute a written waiver of her right to be present, and failed to appear without sufficient excuse. Accordingly, under *Safety National*, her nonappearance provided an adequate basis for the court's order forfeiting the bond.

6

DISPOSITION

The order is affirmed.

McDONALD, J.

WE CONCUR:

NARES, Acting P. J.

AARON, J.