Filed 3/14/16  P. v. Financial Casualty & Surety CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>FINANCIAL CASUALTY & SURETY, INC.,<br><br>     Defendant and Appellant. | D064853<br><br><br>(Super. Ct. No. CD240387) |

APPEAL from an order of the Superior Court of San Diego County, David M. Szumowski, Judge.  Affirmed.

John M. Rorabaugh for Defendant and Appellant.

Thomas E. Montgomery, County Counsel, Walter J. De Lorrell III, Deputy County Counsel, for Plaintiff and Respondent.

Financial Casualty & Surety, Inc. (Surety) posted a bail bond for a defendant and, when the defendant did not appear at a felony readiness hearing, the court ordered the bond forfeited.  The court denied Surety's subsequent motion to vacate the forfeiture and

exonerate the bond, and Surety appeals from the denial of its motion.  The issue is whether the defendant was required to appear at the felony readiness hearing.  Because we conclude the defendant was required to appear at the felony readiness hearing within the meaning of the bail forfeiture statutes, the court properly ordered the bond forfeited and did not abuse its discretion in denying Surety's subsequent motion to vacate the forfeiture and exonerate the bond.

FACTUAL AND PROCEDURAL BACKGROUND

*The Nonappearance*

Surety posted a bond for the release of defendant Guled Karie from custody, and Karie was ordered to appear for arraignment on April 19, 2012.  At the April 19, 2012, arraignment, Karie pleaded not guilty.  The court set two hearings: a felony readiness hearing for May 31, 2012, at 8:15 a.m. in Department 29, and a preliminary examination for June 21, 2012, at 8:15 a.m. in Department 11.  The written April 19, 2012, minute order stated (under the heading "Hearings") that "DEFENDANT IS ORDERED TO APPEAR for" followed by a number of boxes, two of which were checked: the "Readiness/DWT" was checked followed by the notation "5.31.12 at 815 in Dept. 29," and the "Prelim Exam" was checked followed by the notation "6.21.12 at 815 in Dept. 11."  The April 19, 2012, minute order was served on Karie and his attorney, Mr. Burgess.

Mr. Burgess appeared at the May 31, 2012, felony readiness hearing on behalf of Karie but reported Karie was "not present."  The court, noting the time was then 10:05

2

a.m., stated Karie "was ordered to be here at 8:15" and issued a bench warrant, ordered the bail forfeited, and vacated the previously set dates.  Burgess made no objection.

*The Motion*

Surety moved to vacate the forfeiture and exonerate the bond.  Surety argued Karie was not ordered to appear at the May 31, 2012, felony readiness hearing, and the felony readiness hearing was not a hearing at which his appearance was required by Penal Code[1] section 1305 or any other statute, and therefore there was no legal requirement for him to appear.  Surety argued the court erred when it ordered the bond forfeited based on Karie's nonappearance.  The People opposed the motion, asserting (1) the court had expressly ordered Karie to appear at the May 31, 2012, felony readiness hearing, and (2) section 977, subdivision (b)(1), mandated Karie's appearance at the May 31, 2012, felony readiness hearing.  The court denied Surety's motion, and Surety appealed.

ANALYSIS

Legal Principles

"The forfeiture or exoneration of bail is entirely a statutory procedure, and forfeiture proceedings are governed entirely by the special statutes applicable thereto. [Citation.]  Sections 1305 through 1309 govern bail forfeiture.  [Citation.]  Because the law abhors forfeitures, these statutes are to be strictly construed in favor of the surety." (*People v. Ranger Ins. Co.* (1998) 66 Cal.App.4th 1549, 1552.)

---

[1]     All further statutory references are to the Penal Code.

3

Section 1305, subdivision (a), requires bail be forfeited if, without sufficient excuse, a defendant does not appear for arraignment, trial, or judgment, or "[a]ny other occasion . . . if the defendant's presence in court is lawfully required."  A defendant's presence is "lawfully required" at certain so-called mandatory hearings (even without a specific court order) and at other so-called nonmandatory hearings when there is " 'a specific court order commanding his appearance at a date and time certain.' "  (*People v. Ranger Ins. Co.* (1992) 6 Cal.App.4th 1301, 1304.)

When a court orders a bond forfeited, the surety may move to set aside the forfeiture, and the abuse of discretion standard applies to the trial court's resolution of a motion to set aside a bail forfeiture (*People v. Legion Ins. Co.* (2002) 102 Cal.App.4th 1192, 1195) subject to constraints imposed by the bail statutory scheme.  " 'The law traditionally disfavors forfeitures and this disfavor extends to forfeiture of bail. [Citations.]  Thus, Penal Code sections . . . dealing with forfeiture of bail bonds must be strictly construed in favor of the surety to avoid the harsh results of a forfeiture.'  [¶] The standard of review, therefore, compels us to protect the surety, and more importantly the individual citizens who pledge to the surety their property on behalf of persons seeking release from custody, in order to obtain the corporate bond."  (*County of Los Angeles v. Surety Ins. Co.* (1984) 162 Cal.App.3d 58, 62.)  Because the determination on a motion to set aside a bail forfeiture is discretionary and will not be disturbed on appeal unless abuse appears in the record, deference requires that the trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application

of the law to the facts is reversible only if arbitrary and capricious. (*County of Los Angeles v. Fairmont Specialty Group* (2009) 173 Cal.App.4th 538, 542-543.)

Analysis

Surety contends, because the May 31, 2012, hearing was not one of the so-called mandatory hearings at which a defendant must appear without a specific court order, Karie's presence in court at the May 31, 2012, hearing could only have lawfully been required within the meaning of the bail forfeiture statutes if there was " 'a specific court order commanding his appearance at a date and time certain.' " (*People v. Ranger Ins. Co.*, *supra,* 6 Cal.App.4th at p. 1304.) Surety asserts, because the reporter's transcript from the April 19, 2012, hearing does not reflect a specific order for Karie to appear at the May 31, 2012, hearing, his nonappearance could not support the bail forfeiture order.

Our Supreme Court's recently published its decision in *People v. Safety National Casualty Corp.* (2016) 62 Cal.4th 703, and we are satisfied it controls here. In *Safety National,* the defendant (Bent) was released on bond and appeared at several hearings. At his arraignment hearing, the trial court entered Bent's plea of not guilty, and also set a pretrial conference date. Bent appeared at the pretrial conference, where the parties " 'agreed to put the case over' " to a new date, and the trial court stated " 'bail will stand.' " When Bent did not appear at the agreed upon date, the court ordered bail forfeited. (*Id*. at p. 708.) The *Safety National* court, after noting Bent had received notice of the pretrial hearing, did not execute a written waiver of his right to be present, and failed to appear

without sufficient excuse, concluded "Bent's absence at this scheduled pretrial hearing constituted a basis on which to forfeit bail under section 1305." (*Id*. at p. 717.)

The People argue, and we agree, that this case is controlled by *Safety National*, and Surety has declined the opportunity to provide supplemental briefing articulating any possible distinction that might obviate the application of *Safety National* to the present action. Here, as in *Safety National,* Karie had notice of the May 31, 2012, hearing, did not execute a written waiver of his right to be present, and failed to appear without sufficient excuse. Accordingly, under *Safety National*, Karie's nonappearance provided an adequate basis for the court's order forfeiting the bond.

DISPOSITION

The order is affirmed.

McDONALD, J.

WE CONCUR:

NARES, Acting P. J.

AARON, J.

6