Filed 5/18/16  P. v. Continental Heritage Ins. Co. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CONTINENTAL HERITAGE INSURANCE COMPANY,<br><br>    Defendant and Appellant. | D067585<br><br><br><br>(Super. Ct. No. 37-2014-00038480-CL-EN-NC) |

APPEAL from an order of the Superior Court of San Diego County, Jacqueline M. Stern, Judge.  Affirmed.

Law Offices of John M. Rorabaugh and John M. Rorabaugh for Defendant and Appellant.

Thomas E. Montgomery, County Counsel, and Thomas Deak, Senior Deputy County Counsel, for Plaintiff and Respondent.

Continental Heritage Insurance Company (Surety) appeals the trial court's denial of its motion to vacate a bail forfeiture and exonerate bail.  Surety contends defendant

Macario Rayle was not "lawfully required" to attend the hearing on August 23, 2013, within the meaning of section 1305, subdivision (a)(4) of the Penal Code. (Further statutory references are to the Penal Code unless otherwise indicated.) We conclude the trial court ordered Rayle to appear for a readiness conference on that date and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On August 11, 2013, San Diego Border Patrol arrested Rayle at the Temecula checkpoint for allegedly smuggling $24,000 in cash. Rayle appeared at his arraignment on August 14, 2013, entering a plea of not guilty to a felony charge under section 2152, subdivision (b) of the California Financial Code, which criminalizes knowingly engaging in money transmission without a license. The trial court set a "Felony Readiness" hearing for August 23, and a "Preliminary Examination" hearing for August 28, 2013.

On August 16, 2013, Surety posted a $25,000 bond (No. CC25-01066126) to secure Rayle's release through its agent, American Liberty Bail Bonds. The bail bond stated Rayle was "ordered to appear" before the court on August 23, 2013, and it reflected Surety's undertaking that Rayle "will appear in the above-named court on the date above set forth."

Rayle did not appear at the hearing on August 23, 2013. The trial court stated: "Mr. Rayle was in court, ordered to appear on August 23. His bail bond does reflect an appearance date of August 23rd." Rayle's counsel did not object to the court's characterization that Rayle was "ordered to appear on August 23rd," but he stated Rayle had been released to federal immigration authorities after posting bail. The court asked Rayle's counsel if he had documentation that Rayle remained in federal custody; Rayle's

2

counsel stated he did not. The court issued a bench warrant and sent Surety a notice of forfeiture on August 28, 2013.

Surety moved to vacate forfeiture and exonerate bail pursuant to section 1305 or, alternatively, to extend time by 180 days under section 1305.4. Surety argued Rayle did not appear at the August 23 hearing because he was detained by federal immigration authorities. In March 2014, the trial court granted Surety's motion to extend time, tolling the time limit to vacate the forfeiture to August 28, 2014.

On November 6, 2014, the trial court entered summary judgment on the forfeited bond. The clerk mailed a notice of the forfeited bond and a notice of entry of summary judgment.

Thereafter, Surety filed a motion to set aside summary judgment, vacate the forfeiture, and exonerate bail. Surety argued for the first time that the August 23 hearing was a "pre-preliminary hearing" for which the court had not specifically ordered Rayle to appear. As a result, Surety claimed the trial court lacked jurisdiction to declare a forfeiture of bail when Rayle did not appear for that hearing. The People opposed the motion, arguing the court had ordered Rayle to appear on August 23 at the arraignment on August 14. The People also argued Rayle was required to attend a readiness conference pursuant to rule 4.112 of the California Rules of Court and section 977, subdivision (b)(1).

The trial court denied Surety's motion. Rejecting Surety's argument that the August 23 hearing was a "pre-preliminary hearing," the court concluded the August 14 minute order scheduled a "readiness" conference for August 23. The trial court also

concluded Rayle had been ordered to appear for the hearing on August 23 and that rule 4.112 of the California Rules of Court also mandated his appearance. Surety filed a timely notice of appeal.

## DISCUSSION

"Forfeiture of bail for failure of the defendant to appear is a special proceeding, civil in nature [citation], and subject to the rules governing civil appeals." (6 Witkin & Epstein, Cal. Criminal Law (4th ed. 2012) § 89, p. 363.) An order denying a motion to set aside a forfeiture of bail is appealable. (*People v. Lexington Nat. Ins. Corp.* (2010) 181 Cal.App.4th 1485, 1489.) We review the trial court's resolution of the motion to vacate for abuse of discretion. (*Ibid.*) " '[T]he abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review. The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious.' " (*County of Los Angeles v. Fairmont Specialty Group* (2009) 173 Cal.App.4th 538, 543.)

"The object of bail and its forfeiture is to insure the defendant's attendance and his or her obedience to the orders and judgment of the court. [Citation.] The purpose is not to either provide revenue to the state or punish the surety." (*People v. Accredited Sur. and Cas. Co.* (2012) 209 Cal.App.4th 617, 621.) Because the law disfavors forfeiture, the bail forfeiture statutes are jurisdictional in nature and must be strictly construed against a finding of forfeiture. (*People v. Nat. Auto & Cas. Ins. Co.* (2004) 121 Cal.App.4th 1441, 1448.)

4

Pursuant to section 1305, the trial court must declare bail forfeited if, without sufficient excuse, a defendant fails to appear for an arraignment, trial, judgment, or any other proceeding before judgment where his or her presence was "lawfully required." (§ 1305, subd. (a)(4).) "A defendant's presence is 'lawfully required' when there is 'a specific court order commanding his appearance at a date and time certain' [Citation], or when a defendant has notice because he or she is present when the date and time for a mandatory appearance are set, even though the court did not specifically order his or her personal presence." (*People v. Ranger Ins. Co.* (1992) 6 Cal.App.4th 1301, 1304 (*Ranger*); see also *People v. Allen* (1994) 28 Cal.App.4th 575, 583.) "A pretrial readiness conference is an occasion when the defendant's presence is lawfully required." (*Ranger*, *supra*, 6 Cal.App.4th at p. 1304.)

On appeal, Surety contends the August 23 hearing was not a hearing at which Rayle's presence was "lawfully required" within the meaning of section 1305, subdivision (a)(4). Surety argues: (1) the trial court did not order Rayle to appear; (2) the hearing was not a readiness conference under rule 4.112 of the California Rules of Court; and (3) Rayle was not lawfully required to appear under sections 1269b or 977.

At the outset, jurisdiction is proper under section 1305.5. Section 1305.5 provides that jurisdiction lies in the court of appeal if the amount in controversy exceeds $25,000. (§ 1305.5, subd. (a).) The statute does not define the term "amount in controversy." Whereas other statutes define the term to *exclude* "attorney's fees, interest, and costs," section 1305.5 contains no such limitations. (Compare Code Civ. Proc., §§ 85, 580 with § 1305.5.) " 'Where a statute referring to one subject contains a critical word or phrase, omission of that word or phrase from a similar statute on the same subject generally shows a different legislative intent.' " (*In re Young* (2004) 32 Cal.4th 900, 907.) Therefore, we conclude "amount in controversy" under section 1305.5 *includes* attorney's fees, interest, and costs. Because the court ordered bail forfeiture of $25,370, inclusive of costs, this Court has jurisdiction over the appeal.

Turning to the merits, we conclude there is substantial evidence to support the trial court's determination that it had ordered Rayle to appear for the hearing on August 23, 2013. Surety argues that the checkbox next to the line, "DEFENDANT IS ORDERED TO APPEAR for" is not checked in the August 14 minute order. However, among the several checkboxes listed below that line, located within the same section of the minute order, the box next to "Readiness/DWT" is checked with a handwritten "8-23-13 at 8:30 a.m. in Dept. 6" beside it. The August 23 minutes likewise reflect that the case was called for a "Readiness/DWT" hearing on that date.

Surety contends there is a conflict between the August 14 minute order and the reporter's transcript and argues the reporter's transcript controls. We find no conflict.

6

Both the transcript and the minutes indicate Rayle attended the August 14 hearing. At that hearing, the transcript reflects the court announced the next hearing was a "Felony Readiness, August 23rd, 8:30, Department 6." This is consistent with the minute order's reference to a "Readiness/DWT [Disposition without Trial]" hearing on "8-23-13 at 8:30 a.m. in Dept. 6." Moreover, Rayle's counsel did not object on August 23 when the court stated that Rayle had been ordered to appear; instead, he suggested Rayle had a "sufficient excuse" for failing to appear because Rayle was released to federal immigration authorities after posting bail. (§ 1305, subd. (a).) On this record, we conclude there is sufficient evidence of " 'a specific court order commanding [Rayle's] appearance at a date and time certain' " such that Rayle was "lawfully required" to appear. (*Ranger*, *supra*, 6 Cal.App.4th at p. 1304.)

We further note that Rayle did not execute a written waiver of his right to be personally present pursuant to section 977, subdivisions (b)(1) and (b)(2). Consequently, his presence was lawfully required under section 1305. (*People v. Safety National Casualty Co.* (2016) 62 Cal.4th 703, 715-717 [absent written waiver under § 977, felony defendant's presence at pretrial hearing was lawfully required under § 1305].) Because Rayle was specifically ordered to appear and lawfully required under section 977, we do not address Surety's arguments as to whether Rayle's presence was otherwise required pursuant to section 1269b or rule 4.112 of the California Rules of Court.

DISPOSITION

The trial court's order denying the motion to vacate summary judgment on the bail bond forfeiture is affirmed.  Respondent shall recover its costs of appeal.


McINTYRE, J.

WE CONCUR:


HUFFMAN, Acting P. J.


NARES, J.