Filed 10/17/25 (unmodified opn. attached)

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>UNITED STATES FIRE INSURANCE COMPANY,<br><br>    Defendant and Appellant. | D085717<br><br>(Super. Ct. No. CVRI2400788)<br><br><br>ORDER MODIFYING OPINION<br><br>NO CHANGE IN JUDGMENT |

THE COURT:

On the Court's own motion, the opinion filed October 1, 2025 is modified as follows:

The first full paragraph on page 1 that begins "United States Fire Insurance Company (United) appeals from" is deleted and replaced with the following:

> United States Fire Insurance Company (United) appeals from a trial court order denying its motion to set aside summary judgment on a bail bond forfeiture.  United posted a $1 million bail to bond to secure the pretrial release of a criminal defendant.  The defendant did not personally appear at a trial readiness conference, but his counsel appeared on his behalf pursuant to a Penal Code section 977 waiver.

United contends the court was required to forfeit bail at this hearing, for two reasons: (1) the defendant's personal presence was required by a prior court order that he "return on any and all future hearing dates"; and (2) alternatively, the section 977 waiver was ineffective because California Rules of Court, rule 4.112 required him to personally appear at the trial readiness conference. The court's failure to order forfeiture of the bail bond at this hearing, United argues, deprived it of jurisdiction to later order forfeiture and rendered its subsequent entry of summary judgment void.

We reject both contentions. We conclude a court's order that a defendant "return on any and all future hearing dates" is not an order that he be personally present at all hearings, and California Rules of Court, rule 4.112 does not prohibit a trial court from accepting a defendant's waiver of his personal presence at a trial readiness conference. So, the trial court was not required to forfeit the bond here when the defendant appeared through his counsel pursuant to a Penal Code section 977 waiver at the trial readiness conference. Although the trial court denied the motion to set aside summary judgment on the basis it was barred by res judicata, we affirm because the ruling was correct on another ground—the court was not divested of jurisdiction to forfeit the bail bond on the date it ordered forfeiture.

There is no change in judgment

DO, Acting P. J.

Copies to: All parties

2

CERTIFIED FOR PUBLICATION


COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA



| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>UNITED STATES FIRE INSURANCE COMPANY,<br><br>      Defendant and Appellant. | D085717<br><br><br>(Super. Ct. No. CVRI2400788) |


APPEAL from an order of the Superior Court of Riverside County, Joshlyn R. Pulliam, Judge.  Affirmed.

Law Office of John Rorabaugh and John M. Rorabaugh for Defendant and Appellant.

Minh C. Tran, County Counsel, and G. Ross Trindle III, Chief Assistant County Counsel, for Plaintiff and Respondent.

INTRODUCTION

United States Fire Insurance Company (United) appeals from a trial court order denying its motion to set aside summary judgment on a bail bond forfeiture.  It contends that because the trial court failed to forfeit bail at the

criminal defendant's first unexcused failure to appear when lawfully required, the bond was exonerated and the subsequent entry of summary judgment was void for lack of jurisdiction. Although the trial court denied the motion on the basis it was barred by res judicata, we affirm because the ruling was correct on another ground—the court was not divested of jurisdiction to forfeit the bail bond on the date it ordered forfeiture.

## BACKGROUND

Noe Perez Gonzalez was charged with murder (Pen. Code,[1] § 187, subd. (a)). After he was arraigned, the trial court set bail at $1 million and ordered him to "return on any and all future hearing dates." On December 23, 2020, United posted a $1 million bond for Gonzalez's release.

After his release, Gonzalez personally appeared in court at hearings in February and April 2021. On April 8, Gonzalez executed a written waiver of his physical presence and authorized his attorney to appear on his behalf at subsequent proceedings pursuant to section 977, which the trial court accepted. Gonzalez's attorney appeared on his behalf at a hearing on April 13, 2021, and Gonzalez then personally appeared at proceedings in June and August.

At a hearing on March 15, 2022, Gonzalez's attorney appeared on his behalf under section 977 and informed the court Gonzalez was not present because he was in custody. Gonzalez had been arrested the day before on a separate domestic violence matter. The prosecutor informed the court that Gonzalez had not yet been arraigned on the new case. In response, the trial court suggested that because the murder case was "the controlling case," the new case should "end up" in his department too. After setting trial on the murder case for June 29, 2022, at the request of the parties, the court

---

[1] All further statutory references are to the Penal Code.

calendared an "intervening" date of April 26, 2022 "for arraignment on the new case" and a "TRC" (trial readiness conference) on the murder case. The parties agreed the intervening date would be "just for the purpose of handling the domestic violence case and making sure it's on track" to "marry up" the two cases before the same judge.

According to the March 15, 2022 minute order, Gonzalez was "ordered to return on any and all future hearing dates" and the current bail bond was continued.

On April 26, 2022—the date on which United contends the trial court should have forfeited the bail bond—Gonzalez was not present and his attorney appeared through the section 977 waiver. At the parties' request, the court continued the trial readiness conference to May 18. At this time, the court "ordered [Gonzalez] to be personally present" at the next hearing.

On May 18, 2022, Gonzalez did not appear. His attorney appeared 977 and reported Gonzalez had tested positive for COVID-19. Having received a copy of the test result, the prosecutor did not dispute Gonzalez's illness. At defense counsel's request, the trial court set an "additional" trial readiness conference for June 2 and ordered Gonzalez to personally appear and to provide a doctor's note.

On June 2, 2022, Gonzalez was not present in court. The trial court vacated the trial date, forfeited the bond, and timely sent notice to United.

In May 2023, United filed a motion to vacate the forfeiture and exonerate the bond.[2] United argued the trial court was required to forfeit bond on April 26, 2022 when Gonzalez did not appear "without sufficient

---

[2] In December 2022, United filed a motion to extend the 180-day period to return Gonzalez to custody before summary judgment would be entered (§ 1305, subd. (c)(1)). The trial court granted the motion and extended time to July 2023.

3

excuse," and consequently it lost jurisdiction to forfeit the bond on June 2. United thus asserted the court's June 2, 2022 forfeiture order was void. In opposition, the People argued Gonzalez validly appeared through counsel pursuant to his section 977 waiver on April 26, 2022. United replied that a section 977 waiver did not excuse Gonzalez from appearing at mandatory hearings, and asserted Gonzalez, in addition to being ordered to appear, was "lawfully" required to personally appear at the April 26 trial readiness conference.

In June 2023, the trial court denied United's motion to vacate the bond forfeiture. On January 22, 2024, United attempted to file a notice of appeal to challenge the court's denial order. This court dismissed the appeal as untimely. (*People v. U.S. Fire Ins. Co.* (July 8, 2024, E084154, app. dism.).)

On February 13, 2024, after the requisite time lapsed,[3] the trial court entered summary judgment. The judgment required United to pay $1 million for the bail and $450 in costs.

In September 2024, United filed a motion to set aside summary judgment and to exonerate the bond. It argued, again, the June 2, 2022 forfeiture order was void because the trial court was without jurisdiction to order forfeiture, having failed to order the bond forfeited on April 26. The People again opposed but, this time, they argued res judicata barred United from raising the same jurisdictional argument the court had already rejected in denying the motion to vacate the bond forfeiture. The trial court agreed

---

[3]     In July 2023, United filed a second motion to extend the time in which to return Gonzalez to custody. The trial court granted the motion and extended time to January 30, 2024.

4

with the People and denied the motion to set aside summary judgment on the grounds it was barred by res judicata. United appeals.[4]

DISCUSSION

"[A]n order denying a motion to vacate summary judgment on a bail bond forfeiture is . . . an appealable order and is a proper vehicle for considering a jurisdictional attack on the summary judgment." (*People v. Bankers Ins. Co.* (2010) 181 Cal.App.4th 1, 5, fn. 4 (*Bankers*).) Ordinarily, we review an order denying a motion to set aside summary judgment for an abuse of discretion. (See *County of Los Angeles v. Nobel Ins. Co.* (2000) 84 Cal.App.4th 939, 942, 944–945.) However, when the issue is one of statutory construction or contract interpretation, and the evidence is not in dispute, our review is de novo. (*County of Yolo v. American Surety Co.* (2019)

---

[4] United purports to appeal both the entry of summary judgment and the order denying its motion to set aside summary judgment. Ordinarily, a notice of appeal must be filed no later than 60 days after the court clerk serves notice of entry of judgment on the parties, and in any case, no later than 180 days after the entry of judgment. (Cal. Rules of Court, rule 8.104(a)(1)(A), (C).) The time to appeal from the judgment, however, may be extended "[i]f, within the time prescribed by rule 8.104 to appeal from the judgment," a party "serves and files a valid notice of intention to move—or a valid motion—to vacate the judgment." (Cal. Rules of Court, rule 8.108(c); *English v. IKON Business Solutions, Inc.* (2001) 94 Cal.App.4th 130, 135.)

Here, the trial court entered summary judgment on February 13, 2024, and the clerk mailed notice to the parties on February 15, 2024. United, however, filed its notice of appeal on November 22, 2024, more than seven months past the deadline. (Cal. Rules of Court, rule 8.104.) Its motion to set aside summary judgment was filed on September 17, 2024, after the deadline for appeal, and thus it did not extend the time for United to appeal the entry of summary judgment.

Although United's appeal of the summary judgment is untimely, here, it is inconsequential because we must look at whether summary judgment was properly entered to review the merits of United's timely appeal of the order denying the motion to set aside summary judgment.

5

43 Cal.App.5th 520, 524–525; *People v. International Fidelity Ins. Co.* (2017) 11 Cal.App.5th 456, 461.) Here, regardless of which standard of review we apply, we reach the same conclusion. (See, e.g., *Bankers, supra,* 181 Cal.App.4th at p. 5.)

A trial court "shall" declare bail forfeited when the defendant "without sufficient excuse" fails to appear at arraignment, trial, judgment, and post-appeal surrender *or* any other proceeding at which "the defendant's presence in court is lawfully required." (§ 1305, subd. (a)(1)(A)–(E).) For purposes of section 1305, subdivision (a)(1)(E), "a defendant's presence may be deemed 'lawfully required' when a specific court order commands his or her appearance at a date and time certain [citation], or when a defendant has actual notice of a mandatory appearance—even without a court order—because he or she was present when the date and time of the appearance were set." (*People v. Safety National Casualty Corp.* (2016) 62 Cal.4th 703, 710 (*Safety National*).)

Instead of forfeiture, the trial court may continue the bond if the defendant's appearance is lawfully required but the court has reason to believe that sufficient excuse may exist for the failure to appeal. (§ 1305.1.) However, the court must order forfeiture of a bail bond the first time a defendant does not appear without sufficient excuse. (§ 1305, subd. (a); see *People v. American Contractors Indemnity Co.* (2015) 238 Cal.App.4th 1041, 1044.) If the court fails to do this, it loses jurisdiction over the bond and cannot on a later date order it forfeited. (*Safety National, supra*, 62 Cal.4th at p. 710.)

Relying on these principles, United argues the trial court lacked jurisdiction to order the bond forfeited on June 2, 2022 because, in its view, Gonzalez was first required to personally appear in court on April 26 and

6

failed to appear without sufficient excuse. It contends Gonzalez's personal appearance was required on April 26 because (1) the court had ordered him to personally appear on April 26 or (2) alternatively, a trial readiness conference is a mandatory hearing for which a section 977 waiver is ineffective. We disagree with both contentions and conclude the court had jurisdiction to order the bail bond forfeited on June 2.

First, the record does not support United's contention that the trial court had ordered Gonzalez to personally appear on April 26. As noted, Gonzalez's counsel appeared on March 15 pursuant to the section 977 waiver. On that date, the court ordered Gonzalez to "return on any and all future hearing dates" and it continued the bail bond. Such an order is not an order that the defendant be personally present at all hearings. In *People v. Indiana Lumbermens Mutual Ins. Co.* (2011) 194 Cal.App.4th 45, the court's minute order similarly stated the defendant was ordered "to return 'on any and all future hearing dates' " and that the current bond was continued. (*Id.* at p. 51.) The appellate court held "[f]rom this record we can infer only that the court did not intend to require [the defendant's] personal attendance." (*Id.* at pp. 52–53.) As a result, the court rejected the surety's argument that the trial court's failure to declare a forfeiture when the defendant failed to appear at the first of the felony settlement conferences divested it of jurisdiction to declare the forfeiture later. (*Ibid.*) We reach the same result here: by ordering Gonzalez to "return on any and all future hearing dates," the court did not intend to require his personal attendance on April 26.

Second, we disagree that a trial readiness conference is a mandatory hearing for which a section 977 waiver is ineffective. In felony cases, section 977 provides that the defendant "shall be physically present at the arraignment, at the time of plea, during the preliminary hearing, during

7

those portions of the trial when evidence is taken before the trier of fact, and at the time of the imposition of sentence." (§ 977, subd. (b)(1).) "[A]*t all other proceedings*," the defendant may waive his or her right "to be physically or remotely present, with leave of court and with approval of defendant's counsel." (*Ibid.*, italics added.) By its plain language, a trial court may accept a defendant's waiver of his personal appearance at a trial readiness conference.

Although United does not dispute the validity of Gonzalez's section 977 waiver, it contends that California Rules of Court,[5] rule 4.112 required Gonzalez to personally appear at the trial readiness conference on April 26, 2022. We disagree. While rule 4.112 provides that "[t]he defendant must be present in court" at a trial readiness conference in felony cases, the rule does not prohibit a defendant from waiving his personal appearance at a trial readiness conference pursuant to a section 977 waiver. (See *People v. Ranger Ins. Co.* (1992) 6 Cal.App.4th 1301, 1306 (*Ranger*); *People v. Sacramento Bail Bonds* (1989) 210 Cal.App.3d 118, 121 (*Sacramento Bail Bonds*).)

Both *Ranger* and *Sacramento Bail Bonds* addressed the appearance requirements imposed by former rule 227.6, the precursor to rule 4.112.[6] *Sacramento Bail Bonds* held a defendant's presence was required at a rule 227.6 conference where the defendant "did not otherwise execute a waiver of his presence pursuant to section 977." (*Sacramento Bail Bonds*, *supra*,

---

[5]     All further rule references are to the California Rules of Court.

[6]     The relevant parts of the current and former rules are virtually identical. Whereas the current rule states "[t]he defendant must be present in court" (rule 4.112(a)(3)), former rule 227.6 provided that "the defendant shall be present in court" (see *Ranger, supra*, 6 Cal.App.4th at p. 1304). Given this similarity, it is appropriate to look to case law interpreting the appearance requirements under the former rule for guidance.

210 Cal.App.3d at p. 121.) *Ranger* considered whether a trial court lost jurisdiction to forfeit bail on a defendant's nonappearance after the court excused the defendant's appearance at a rule 227.6 readiness conference. (*Ranger*, *supra*, 6 Cal.App.4th at pp. 1305–1306.) It found no such loss of jurisdiction, including because the court was authorized to excuse the presence of a defendant at a rule 227.6 hearing. (*Ranger*, at p. 1306.)

Thus, far from supporting United's arguments that the 977 waiver was ineffective, both *Ranger* and *Sacramento Bail Bonds* expressly acknowledged that a waiver may permissibly excuse a defendant's presence at a trial readiness conference. These cases, in other words, did not conclude that the rule governing trial readiness conferences expands the list of proceedings in which a 977 waiver is impermissible.

Because a defendant may be excused from a trial readiness conference, the trial court was not required to forfeit the bond when Gonzalez appeared through his counsel pursuant to the section 977 waiver. It follows the court was not divested of jurisdiction to order forfeiture on June 2. Summary judgment against United was properly entered and, consequently, the trial court did not err in denying the motion to set aside summary judgment. We affirm the trial court's ruling on this basis.[7]

---

[7] Because we may affirm the trial court's ruling "if it is correct on any ground that the parties had an adequate opportunity to address in the trial court, regardless of the trial court's stated reasons" (*Securitas Security Services USA, Inc. v. Superior Court* (2011) 197 Cal.App.4th 115, 120), we need not reach the parties' contention whether the trial court's application of res judicata was correct and thus express no view on United's new authority, *People v. American Surety Company* (2025) 112 Cal.App.5th 71, 75–77 (holding a court's failure to forfeit bail after criminal defendant's initial nonappearance divested it of jurisdiction to subsequently forfeit bail, and issue preclusion did not apply to bar surety from arguing that forfeiture and summary judgment should be set aside and bail exonerated).

## DISPOSITION

The order denying the motion to set aside summary judgment is affirmed.  Respondent is entitled to costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(2).)

DO, Acting P. J.

WE CONCUR:

BUCHANAN, J.

KELETY, J.